PER CURIAM.
Defendant was charged by bill of information filed on December 13, 1977 with possession of marijuana, a violation of La. R.S. 40:966. A bench trial conducted on January 4, 1980, resulted in her conviction. On the same day the court imposed a sentence of six months’ imprisonment in the parish jail. We granted writs to consider primarily whether prescription ran on the prosecution before defendant was brought to trial. Finding merit in that assignment of error, we pretermit consideration of the others.
Louisiana Code of Criminal Procedure Article 578 provides that in misdemeanor cases such as this “no trial shall be commenced . . . after one year from the institution of the prosecution.” On November 15, 1979, almost two years after the institution of the prosecution, defendant filed a motion to quash on grounds of prescription. It was denied after a hearing, the trial judge concluding that the running of the time limitation had been suspended by the filing of various pretrial motions. See, La.C.Cr.P. art. 580. Those motions, howeyer, were filed under the case number and into the record of a companion felony prosecution against defendant. There was no cross-filing, and no stipulation of record to indicate that the motions pertained to the instant case as well. Consequently, their filing did not serve to suspend the running of prescription in this case, and defendant’s motion should have been granted.
The ruling of the trial court is reversed and defendant is ordered discharged.
LEMMON, J., dissents.