409 So.2d 577 (1982)
STATE of Louisiana
v.
Dick H. HEARIN, Jr., Walter D. Bankston and John A. Pritchett.
No. 81-K-1509.
Supreme Court of Louisiana.
January 25, 1982.
Rehearing Denied February 19, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Glen Petersen, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-applicant.
L. Havard Scott, III, New Orleans, David Ellison, Rich Nevils, Baton Rouge, for defendants-respondents.
BLANCHE, Justice.
The three defendants in this case were charged with simple battery by bill of information filed on March 19, 1980. The charge stemmed from a fist fight which occurred on November 24, 1979 outside the Athens Restaurant and Bar in Baton Rouge. Lambros Randis, a Greek National employed at the Athens Restaurant, was badly injured in the altercation. Trial of the case was twice delayed and eventually rescheduled for October 30, 1980.
One week prior to trial, the state learned that Randis, the complaining witness, could not be located for service of subpoena. On October 23, 1980, the state met with defense counsel to discuss the upcoming trial. At that meeting, the state, with the consent of all defendants, agreed to dismiss charges because of its inability to locate the complaining witness.
Early in March of 1981, the state was able to contact Randis through his brother *578 in New Orleans. On March 19, 1981, the state reinstituted prosecution by filing a new bill of information, again charging the defendants with simple battery. At the arraignment set for April 4, 1981, defense counsel filed a motion to quash this new bill as untimely. This motion was granted by the trial court and the bill of information filed on March 19, 1981 ordered quashed. On application by the state, we granted writs to determine the timeliness of this second bill of information.
Both the state and defense premise their arguments on C.Cr.P. art. 576, which reads as follows:
"Article 576. Filing of new charges upon dismissal of prosecution.

When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant's consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578."[1]
As the first bill of information was dismissed with the consent of defendants, and prosecution was reinstituted within six months of that dismissal, the state contends that the filing of the second bill of information was timely under Article 576. We agree.
In the motion to quash, defendants argued that the first bill of information was dismissed solely for the purpose of avoiding the time limitations for commencement of trial on the misdemeanor charge. Therefore, a new prosecution was expressly prohibited by the second paragraph of Article 576. In support of this contention, defendants attempted to show that the state had been less than diligent in its efforts to locate the complaining witness. In essence, defendants claimed that the state had, or could have had, knowledge of Randis' whereabouts when the initial prosecution was dismissed on October 23, 1980 and that the dismissal was the result of the state's need for additional time in order to prepare its case for trial.
Opposing the defense argument, the state notes that prosecution was dismissed a full five months before the March 19, 1981 deadline for commencement of trial on the misdemeanor charge, therefore, the state had no need to resort to a dismissal in order to gain additional time for trial preparation. Moreover, when defendants requested confirmation of the October 23 dismissal in writing, the state sent the following letter to all defense counsel:
Gentlemen:
Be advised that the above charges will be dismissed by the District Attorney's Office at this time due to this office's inability to locate the alleged victim of the incident.
The second paragraph of Article 576 does not create a presumption that a prosecution has been dismissed in order to circumvent the time limitations for commencement of trial. The state made a convincing showing that the initial prosecution was dismissed because of its inability to locate the complaining witness. That showing does not become less convincing merely because a new prosecution was instituted after the time limitations for commencement of trial had elapsed.
The first bill of information was dismissed with the consent of all defendants.
*579 A new prosecution was instituted five months later, within the time limitations provided by Article 576. The trial judge erroneously ordered the quashing of the second bill of information filed on March 19, 1981 as untimely.
For the foregoing reasons, the order to quash the bill of information filed on March 19, 1981 is vacated, and the case remanded to the trial court for further proceedings consistent with this opinion.
WATSON, Justice, dissents and assigns reasons.
WATSON, Justice, dissenting.
It is crystal clear that the reason for the dismissal by the State, facing an October 30, 1980 trial date for which there was no complaining witness, was that the State feared that the trial judge would not grant a continuance over the objection of defendants. It is also clear that the defendants, through counsel, agreed to the dismissal because they thought it represented a termination of the prosecution. Therefore, the State failed to show that the dismissal was not for the purpose of avoiding the time limitation.
Accordingly, I respectfully dissent.
NOTES
[1] Louisiana C.Cr.P. art. 578 requires that trial in a misdemeanor case be commenced within one year of the date of institution of prosecution. Trial of the simple battery charge stated in the first bill of information filed on March 19, 1980 would thus have to commence on or before March 19, 1981 under Article 578.