698 So.2d 36 (1997)
STATE of Louisiana, Appellee,
v.
Jamie Keith BARLEY, Appellant.
No. 29482-KA.
Court of Appeal of Louisiana, Second Circuit.
June 18, 1997.
*37 Chris L. Bowman, Jonesboro, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Marcus Clark, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and CARAWAY and PEATROSS, JJ.
CARAWAY, Judge.
Reserving his right to appeal the denial of a motion to quash the bill of information, defendant pled guilty to one count of conspiracy to distribute methamphetamine. The trial court sentenced him to 66 months imprisonment at hard labor with credit for time served. On appeal, defendant asserts the time limitation for prosecution set forth in La.C.Cr.P. art. 578 has expired. We affirm.

Facts
On March 14,1993, a state trooper stopped defendant's car on Interstate 20 for a traffic violation. During a consensual search of the vehicle, the officer discovered approximately two pounds of methamphetamine in the car.
On April 5, 1993, defendant was charged by bill of information with one count of possession of over 400 grams of methamphetamine and one count of conspiracy to distribute methamphetamine. Pursuant to a plea bargain, defendant pled guilty on February 7, 1994, to one count of possession of methamphetamine with intent to distribute, and the state dismissed the conspiracy charge. The trial court sentenced defendant to serve 66 months imprisonment at hard labor.
In October 1995, the defendant filed an application for post-conviction relief in the district court, asserting that his guilty plea was invalid because he pled to an offense which was neither charged nor responsive to the original charge. The trial court denied this application and stated in written reasons that, contrary to petitioner's claims, the state filed an amended bill of information on October 18, 1993, charging the defendant with possession with intent to distribute.
*38 After examining the entire record, this court determined the plea was non-responsive, granted Barley's application for post conviction relief and annulled his conviction and sentence on April 10,1996.
On April 17, 1996, the state refiled the original bill of information charging Barley with both the possession offense and the conspiracy offense. The defendant filed a motion to quash the indictment, urging that a second prosecution would be in violation of the defendant's constitutional right to a speedy trial and his statutory rights to timely institution of prosecution and commencement of trial.
On August 20, 1996, the defendant's motion to quash was denied, and he pled guilty to the conspiracy charge with the understanding that he would be entitled to appeal the ruling on the motion to quash under State v. Crosby, 338 So.2d 584 (La.1976). The defendant was resentenced to 66 months imprisonment at hard labor and given credit for time served.
The defendant now appeals the denial of his motion to quash relying exclusively on the alleged expiration of the time limitation for prosecution found in La.C.Cr.P. art. 578.

Discussion
Asserting that the time limitation for prosecution has expired, the defendant argues that the trial court should have granted his motion to quash under La.C.Cr.P. arts. 578(2) and 581. Article 578(2) provides, in pertinent part:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(2) In other felony cases after two years from the date of institution of the prosecution;
The purpose of the statute is to enforce the accused's right to a speedy trial after the initiation of the prosecution and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284.
The defendant argues that prosecution for his 1993 drug arrest cannot be reinstituted more than two years from the date of the filing of the original bill of information in 1993 without violating his right to a speedy trial under Article 578. Because of that violation of his speedy trial right, he argues that La.C.Cr.P. art. 581 prohibits further prosecution on the same facts. That article provides:
Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.
If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts.
The state disputes the defendant's reliance on the above articles, arguing that La.C.Cr.P. art. 582 and State v. Brown, 451 So.2d 1074 (La.1984), permit the institution of prosecution at this point. Article 582 provides:
When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.
Reviewing this article in the Brown case, the court dealt with the reprosecution of a crime of which the defendant had previously been convicted. In this case, where the defendant was never convicted of the charge of conspiracy to distribute methamphetamine, no new trial or mistrial which is the subject of Article 582 and Brown has been granted.
By contrast, in this case, the state is prosecuting the defendant on a charge of which he has not been convicted and, in fact, which was dismissed in 1994 when he pled guilty to the possession charge. Neither side has discussed the implications of this important distinction nor has either party discussed La. C.Cr.P. art. 576 which is directly on point and controls the outcome of this case. That article provides:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the *39 district attorney with the defendant's consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
Article 576 regulates the refiling of charges following dismissal of a prior prosecution with the defendant's consent. State v. Hearin, 409 So.2d 577 (La.1982). The defendant's original plea agreement to the nonresponsive charge of possession with intent to distribute was made with the defendant's understanding and consent that the conspiracy charge would be dismissed. The dismissal was part of the plea bargain and was clearly not an effort by the state to avoid the speedy trial limitation of Article 578. The reinstitution of prosecution on the conspiracy charge, though made long after six months from the original dismissal, is nevertheless possible under the six year statute of limitations set forth in La.C.Cr.P. art. 572(1) which is the general rule for the institution of prosecution as contained in the same chapter of the code as Article 576.[1] The 1996 prosecution for the 1993 crime is therefore timely in violation of neither Article 572 nor Article 578 and expressly allowed by Article 576.

Error patent
The trial court neglected to inform the defendant of the prescriptive period for applications for post-conviction relief as required by La.C.Cr.P. art. 930.8. The district court is hereby directed to send appropriate written notice to defendant within 10 days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings.

Decree
Because the time limit for the institution of prosecution on the conspiracy charge has not elapsed under La.C.Cr.P. arts. 572(1) and 576, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In 1993, distribution of methamphetamine carried a penalty of imprisonment at hard labor for a period of not less than five nor more than thirty years and a fine of not more than $15,000.00. La. R.S. 40:967(B)(1). Conspiracy to commit that offense carries a maximum penalty of one half that of the completed offense, imprisonment up to fifteen years punishable at hard labor. La. R.S. 40:979.