718 So.2d 542 (1998)
STATE of Louisiana, Appellee,
v.
Robert McDONALD, Appellant.
No. 30854-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
Rehearing Denied September 17, 1998.
*543 J. Ransdell Keene, Shreveport, for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, R. Cody Mayo, Jr., Assistant District Attorney, for Appellee.
Before HIGHTOWER, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, Robert McDonald, was charged by bill of information with felony theft, a violation of LSA-R.S. 14:67. Prior to trial, defendant filed a motion to quash the bill of information, alleging that the time period in which to commence trial had expired. The district court granted defendant's motion to quash. The state appeals the judgment. For the following reasons, we affirm.

FACTS
On September 1, 1995, the state filed a bill of information charging both the defendant and Billy Herrod with felony theft. On that same date, defendant entered a plea of not guilty. The court minutes do not show that defendant requested a preliminary examination or moved for discovery at that time. On October 30, 1995, the state requested that the court continue the matter for a preliminary examination. On November 21, 1995, the court granted another continuance to give the prosecutor and defense counsel an opportunity to discuss a date for the preliminary examination.
On January 18, 1996, the state informed the court that defense counsel had agreed to conduct discovery "by informal method," and the court continued the preliminary exam until February 29, 1996. On that date, defense counsel agreed to waive the preliminary examination in return for the state's agreement to limit the scope of the investigation *544 and to provide complete and open file discovery. The district court ordered the state to provide discovery to the defendant by May 1, 1996. At that time, the state reported to the court that the discovery material was ready for inspection by the defense. The court set July 1, 1996, as the filing date for all pretrial motions, but none were filed.
On August 26, 1996, the defense indicated that the discovery provided by the state was satisfactory. Subsequently, the court set March 10, 1997, as the trial date. On February 27, 1997, Herrod's attorney delivered to the district judge a written motion to continue the trial to a later date, stating that the prosecutor had been advised of the request. The motion did not indicate that defendant or his attorney joined in the requested continuance. However, a hearing on the motion was not held and an order of continuance was not signed by the court. On March 10, 1997, the defendant and his attorney appeared in court, but the prosecutor was not present and the case was not called for trial. Three days later, the prosecutor mailed to the defendant a proposed joint motion for continuance, seeking to reschedule defendant's trial date. Defendant's counsel did not return the motion.
On September 10, 1997, the defendant filed a motion to quash the bill of information, alleging that the time period in which to commence trial had expired. At the hearing on the motion, the prosecutor, Cody Mayo, testified that both defendants had moved for a preliminary examination and discovery, and as a result, the prescriptive period had not expired. However, he conceded that his contemporaneous file notes did not reflect any such motions. The district court granted the motion to quash, dismissing the charges against defendant. The state appeals the judgment.

DISCUSSION
The state contends the district court erred in granting defendant's motion to quash the bill of information. The state argues that the limitation period in which to commence trial was suspended by the defendant's motions for a preliminary examination and discovery, and by a co-defendant's motion for continuance, so that the time limit had not expired when the motion to quash was filed.
In general, for non-capital felony cases, the state must commence trial within two years from the date of institution of the prosecution. LSA-C.Cr.P. art. 578(2); State v. Harris, 29,574 (La.App.2d Cir.5/7/97), 694 So.2d 626. The purpose of Article 578 is to enforce the accused's right to a speedy trial after the initiation of the prosecution and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284; State v. Barley, 29,482 (La.App.2d Cir.6/18/97), 698 So.2d 36. Prosecution is instituted by the filing of an indictment or bill of information. LSA-C.Cr.P. art. 382.
A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. When the defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, supra; State v. Caston, 26,415 (La.App.2d Cir.10/26/94), 645 So.2d 1202.
When a defendant files a preliminary plea such as a motion for discovery, the two-year time period established by Article 578 is suspended. LSA-C.Cr.P. art. 580; State v. Brooks, 505 So.2d 714 (La.1987). This suspension lasts only from the time the motion is filed until the district court rules on the motion. State v. Harris, supra. Where prescription is suspended, the relevant period is not counted toward the two-year time limitation. After the trial court rules on the motion, the state has a minimum period of one year from the date of the ruling in which to commence trial. Article 580, Comment (a); State v. Harris, supra.
In the present case, the prosecution was instituted on September 1, 1995, with the filing of the bill of information charging defendant with felony theft. The state contends the defendant moved for a preliminary examination on that date. However, the record *545 does not support the state's contention. Neither the court minutes nor the transcript of the proceedings indicate that defendant requested a preliminary examination at the time the bill of information was filed. The record shows that defense counsel enrolled, waived the reading of the bill of information and entered a plea of not guilty on behalf of the defendant. The first reference appearing in the record concerning a preliminary examination occurs on October 30, 1995, when the prosecutor requested, "by agreement," that the court continue the matter for a preliminary examination.
The state also contends that defendant moved for discovery on February 29, 1996, when defense counsel stated to the court that they "would waive the preliminary examination in return for" the state's agreement to limit the scope of the investigation and to provide open file discovery. In its brief, the state argues that the time limitation in which to begin trial was suspended from the date on which the defendant moved for a preliminary examination until August 26, 1996, when defendant stated that the discovery provided by the state was satisfactory.
Even if we accept the contention that defense counsel impliedly moved for a preliminary examination on October 30, 1995, and for discovery on February 29, 1996, the state's argument is not consistent with the law. The record shows that the district court ruled on the motions immediately, granting a continuance for a preliminary examination and ordering the state to provide discovery to the defense.
Pursuant to Article 580, any suspension lasts only from the time the motion is filed until the court rules thereon. Here, the defendant's motions were heard and granted on the same day. Therefore, the Article 578 time limitation was not suspended. See LSA-C.Cr.P. art. 13; State v. Harris, supra. In addition, after the court's ruling on February 29, 1996, there was more than one year available in which to commence trial prior to the prescriptive date of September 1, 1997. The state's argument lacks merit.
The state further contends that the motion for continuance filed by Herrod's attorney also effectively suspended the running of the limitation period with regard to the defendant. However, at the hearing on the motion to quash the bill of information, the prosecutor acknowledged that he could not refer the district court to any authority in support of the position that a motion for continuance by one defendant suspends the speedy trial rights of a co-defendant under Article 578. Nor has the state presented any such authority to this court.
In State v. McCall, 391 So.2d 449 (La. 1980), the supreme court found that pretrial motions filed under the case number and into the record of a companion felony prosecution against the same accused did not serve to suspend prescription where there was no stipulation of record to indicate that the motions pertained to the case then before the court. Here, the motion for a continuance expressly pertains only to Herrod, an individual other than the defendant. Thus, applying the reasoning of McCall, supra, a motion which neither refers to the defendant nor indicates that the defendant joined in or agreed to a continuance, could not suspend the running of prescription in the present case. The state's argument lacks merit.
Based upon this record, the district court correctly found that the state failed to carry its heavy burden to demonstrate a suspension of the two-year time limitation, which required the state to commence trial by September 1, 1997. Consequently, when defendant filed his motion to quash the bill of information, the prescriptive period had expired. Therefore, the district court did not err in granting the defendant's motion to quash. The assignment of error lacks merit.
For the foregoing reasons, the district court's judgment is affirmed.
AFFIRMED.
HIGHTOWER, J., dissents with written reasons.
HIGHTOWER, Judge, dissenting.
While the majority opinion correctly enunciates the law regarding the suspension of time limitations for the institution of prosecution, I cannot agree that defendant's motion for discovery was "ruled on" immediately, *546 thereby allowing the state no suspension of trial days.
Careful reading of the February 29, 1996 proceedings shows the attorneys for both defendants jointly moving for open file discovery, to which the state agreed. After a period of discussion, the court ultimately fixed the date of May 1, 1996 for the state and the defense to "reappear in my courtroom" to report whether discovery had been satisfactorily completed. It was not until August 26, 1996, however, that both defendants reported to the court that the tendered discovery was acceptable.
Certainly a discovery motion qualifies as an "other preliminary plea" which suspends the running of prescription under La. C.Cr.P. art 580. State v. Stelly, 94-306 (La. App. 3rd Cir. 11/20/94), 645 So.2d 804, writ denied 94-3103 (La. 04/28/1995), 653 So.2d 589. See also State v. Brooks, 505 So.2d 714 (La. 1987). The rationale of Article 580's suspension, of course, is that the state should not be charged with that period during which it cannot bring the defendant to trial. State v. Elfert, 247 La. 1047, 175 So.2d 826 (1965), discussing former La. R.S. 15:7.10, the source provision of art. 580.
Although the judge in the present case obviously set forth an "open file" discovery grant on February 29, 1996, he also fixed a compliance term through May 1, 1996. See La. C.Cr.P. art. 729, expressly authorizing the court to prescribe appropriate terms and conditions in granting discovery. The discovery issue then, by direct order, remained before the court pending court-determined satisfaction of the order. During that period of time, importantly and obviously, the state could not have proceeded to trial. Thus, under these facts, I cannot agree that the court ruled o the discovery motion on February 29 in such a manner as to accord the state no suspension of trial delays. Instead, such a suspension clearly controlled until May 1, 1996, if not until August 26, 1996. Cf. State v. Stelly, supra. Under either of these suspensions, the time limitations had not run when defendant moved to quash on September 10, 1997, only ten days after the original two years would have elapsed.
I respectfully dissent.

APPLICATION FOR REHEARING
Before HIGHTOWER, BROWN, WILLIAMS and PEATROSS, JJ.
Rehearing denied.