HUGHES, J.
 

 | ¡.The defendant, Melvin Vernell, Jr., was charged by bill of information with attempted second degree murder (count one), illegal use of weapons or dangerous instrumentalities (count two), aggravated assault with a firearm (counts three and four), and possession of a firearm or carrying a concealed weapon by a convicted felon (count nine), violations of LSA-R.S. 14:27, LSA-R.S. 14:30.1, LSA-R.S. 14:94, LSA-R.S. 14:37.4, and LSA-R.S. 14:95.1.
 
 [1]
 
 The defendant entered a plea of not guilty and later filed a motion to quash. The trial court granted the defendant’s motion to quash as to counts one and two. The State now appeals, assigning error to the trial court’s partial granting of the motion to quash. For the following reasons, we deny the defendant’s motion to strike, reverse the ruling of the trial court, and remand for further proceedings.
 

 STATEMENT OF FACTS
 

 The facts of the underlying offenses have not been fully established and are not pertinent to the issue in this appeal. According to the bill of information, on or about July 4, 2005, the defendant attempted to murder Bruce Moore, intentionally discharged a firearm in a place where it was foreseeable that it might have resulted in death or great bodily harm to a human being, assaulted Bruce Moore and Demond Gaines with a dangerous weapon, and possessed a firearm and/or carried a concealed weapon after having been convicted of illegal use of a weapon.
 

 The original bill of information instituting charges based on these facts was filed on September 16, 2005 and charged the defendant with |3attempted second degree murder and illegal use of weapons or dangerous instrumentalities. On February 3, 2006 the victims advised the district attorney’s office that they did not want to pursue the charges and requested that the case be dismissed. The victims executed affidavits stating that restitution had been made and that they would not testify
 
 *555
 
 against the defendants at trial. The State dismissed the prosecution on September 18, 2006. On May 6, 2009 the charges in the original bill were reinstituted in this case by a new bill of information as to counts one and two, along with new charges as listed above based on the same set of facts. The motion to quash was filed on November 10, 2009. The motion hearing was held on January 27, 2010, and the trial court took the matter under advisement. On March 8, 2010 the trial court granted the motion to quash as to counts one and two, finding that the time limitation for the commencement of trial had expired as to those reinstituted charges.
 

 MOTION TO STRIKE
 

 On appeal, the defendant has filed a “Motion to Strike Appellant’s ‘Statement of Facts,’ ” in which he contends that certain statements of fact and procedural history recited in the State’s appellate brief should be stricken on the grounds that “(1) they are untrue, and (2) they are based on highly inaccurate and self-serving documents which were never admitted into evidence and never made part of the record, and never will be.” In opposition to the motion, the State contends that since this case is in the pre-trial phase and the asserted facts have yet to be decided, it is entitled to present a factual synopsis and that the police reports, forming the basis of its synopsis, are contained in the record. Furthermore, the State points out that the defendant, in his appellate brief, based his recitation of the facts on a video recording, which is not contained in the record. This court’s review of |4the record reveals that the statements made in the State’s appellate brief are in accord with the warrant and police reports contained in the record presented on appeal, while the video tape referenced in the defendant’s brief as supporting his version of the facts is not contained in the record. Nevertheless, as we have stated hereinabove, the facts of the underlying offenses are not pertinent to the issue before this court on appeal; therefore, we deny the defendant’s motion to strike portions of the State’s appellate brief.
 

 ASSIGNMENT OF ERROR
 

 In the sole assignment of error, the State relies on LSA-C.Cr.P. art. 576 in arguing that the original charges were instituted timely. The State notes that the charges herein were dismissed before any witness was sworn at trial. The State contends that the charges were dismissed because the victims refused to testify or cooperate, not to circumvent trial commencement delays. In support of this contention, the State notes that the victims indicated their refusal to testify by affidavit, and the charges were dismissed one year before the two-year time limitation for commencement of trial expired. Finally, the State contends that the two-year time limitation contained in LSA-C.Cr.P. art. 578 does not run from the filing of the original prosecution if that prosecution is properly dismissed and reinstituted. The State concludes that the trial court erred in partially granting the defendant’s motion to quash and that the ruling must be reversed.
 

 A trial court’s ruling on a motion to quash should not generally be reversed in the absence of a clear abuse of the trial court’s discretion.
 
 See State v. Odom,
 
 2002-2698, pp. 5-6 (La.App. 1 Cir.6/27/03), 861 So.2d 187, 191,
 
 writ denied,
 
 2003-2142 (La.10/17/03), 855 So.2d 765. However, a trial court’s legal findings are subject to a
 
 de novo
 
 standard of review.
 
 See State v. Smith,
 
 99-0606, 99-2015, 99-2019, 99-2094, p. 3 (La.7/6/00), 766 So.2d 501, 504. In this case the trial court’s ruling on the
 
 *556
 
 motion to quash is based on a legal finding and is, therefore, subject to
 
 de novo
 
 review.
 

 Louisiana Code of Criminal Procedure Article 578(A)(2) requires that trial of a non-capital felony be commenced within two years from the date of institution of the prosecution.
 
 [2]
 
 “Institution of prosecution” includes the finding of an indictment, or, as in this case, the filing of a bill of information, which is designed to serve as the basis of a trial. LSA-C.Cr.P. art. 934(7);
 
 State v. Cotton,
 
 2001-1781, p. 4 (La.App. 1 Cir.5/10/02), 818 So.2d 968, 971,
 
 writ denied,
 
 2002-1476 (La.12/13/02), 831 So.2d 982.
 

 Article 691 of the Louisiana Code of Criminal Procedure confers on the district attorney the power to dismiss a formal charge, in whole or in part, and provides that leave of court is not needed. Louisiana Code of Criminal Procedure Article 693 expressly provides, subject to narrowly delineated exceptions, that dismissal of a prosecution is not a bar to a subsequent prosecution. Louisiana Code of Criminal Procedure Article 576 provides:
 

 When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent,
 
 or before the first witness is sworn at the trial on the merits,
 
 or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted
 
 within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
 

 A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
 

 [Emphasis added.]
 

 |fiLouisiana Code of Criminal Procedure Article 572, contained within the same chapter as Article 576, provides the time limitations for the institution of prosecution for non-capital offenses as six years after the offense has been committed for a felony necessarily punishable by imprisonment at hard labor and four years for a felony not necessarily punishable by imprisonment at hard labor.
 

 A court’s resolution of motions to quash in cases where the district attorney entered a
 
 nolle prosequi
 
 and later reinsti-tuted charges should be decided on a case-by-case basis.
 
 State v. Love,
 
 2000-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. In those cases “where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.”
 
 Love,
 
 2000-3347 at p. 14, 847 So.2d at 1209.
 

 Herein, the defendant’s motion to quash noted that more than two years had elapsed since the date the original prosecution was instituted and that the charges were dismissed by the State without any evidence of the defendant’s consent. The motion to quash concluded that the reinsti-tution was untimely, in violation of LSA-C.Cr.P. art. 578, as trial was not commenced within two years of the filing of
 
 *557
 
 the original prosecution.
 
 [3]
 
 At the hearing on the motion to quash, the State argued, in part, that the charges were properly reinstituted pursuant to LSA-C.Cr.P. art. 576. In granting the motion to quash as to counts one and two, the trial court concluded the State 17failed to bring the charges to trial within the two-year time limitation and noted that there was no statutory reason for dismissing the charges. The trial court specifically stated, “[T]hey reinstituted the charges some, what, I don’t know, three years later or whatever it was, and there was nothing that gave them a new time to start, if that makes any sense.”
 

 Based on the following analysis, we disagree with the trial court. The effect of a dismissal, or
 
 nolle prosequi,
 
 is to discharge the particular indictment, bill of information, or affidavit; however, it does not necessarily bar further prosecution if it was entered before the first witness was sworn.
 
 State v. Norwood,
 
 351 So.2d 122, 124 (La.1977).
 
 See also
 
 LSA-C.Cr.P. arts. 576, 691, and 693. The second paragraph of Article 576 does not create a presumption that a prosecution has been dismissed in order to circumvent the time limitations for commencement of trial.
 
 State v. Hearin,
 
 409 So.2d 577, 578 (La.1982). Rather, the second paragraph of Article 576 would preclude a new prosecution unless the State shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578. In this case, there is no evidence that the district attorney was avoiding the time limitation for commencement of trial or was flaunting his authority at the expense of the defendant. Instead, the record indicates a
 
 nolle prosequi
 
 was entered because the victims stated in their affidavits that: restitution had been made, they were “not interested in pursuing the criminal charges,” they would “not testify against the defendants at trial,” and they wished to dismiss or
 
 nolle prosequi
 
 the charges. Further, the charges were dismissed only twelve months after the institution of the original prosecution. There is no need to show that the defendant consented to the dismissal since there was no commencement of trial or swearing in of a witness prior to the dismissal of the original [¿prosecution. We find that the reinstitution of prosecution on the attempted second degree murder and illegal use of a weapon or dangerous instrumentality charges, though made after six months from the original dismissal, was timely under the limitations set forth in LSA-C.Cr.P. art. 572, as the prosecution was reinstituted on May 6, 2009, less than four years after the July 4, 2005 commission of the offenses.
 
 [4]
 

 In non-capital felony cases, the State has two years from the
 
 reinstitution
 
 of prosecution to commence trial, barring any interruption or suspension of the time delay.
 
 See Hearin,
 
 409 So.2d at 578-79 (where the State’s re-indictment was not for the purpose of avoiding the time limitation established by Article 578, the new prosecution was found timely though instituted after the time limitations for corn-
 
 *558
 
 mencement of trial had elapsed but within the time limitations for a new prosecution provided by Article 576);
 
 State v. Van Dyke,
 
 2003-437, pp. 6-8 (La.App. 3 Cir. 10/1/03), 856 So.2d 187, 192-93,
 
 writ denied,
 
 2003-2777 (La.2/13/04), 867 So.2d 689;
 
 State v. Barley,
 
 29,482, pp. 2-4 (La. App. 2 Cir. 6/18/97), 698 So.2d 36, 38-39. As previously stated, the effect of a dismissal, or
 
 nolle prosequi,
 
 is to discharge the particular indictment, bill of information, or affidavit. The two-year time limitation
 
 for
 
 commencement of trial cannot continue to run under a prosecution that no longer exists. Rather, this time period began to run anew with the filing of a new bill of information.
 
 See Van Dyke,
 
 2003-437 at pp. 7-8, 856 So.2d at 193. Thus, the trial court erred in calculating |9the time delay for commencement of trial from the date of the original, discharged bill of information.
 

 We find that the 2009 reinstitution of prosecution for the 2005 offenses was timely, as it was not in violation of Article 572 and was not precluded by Article 576. As noted, the charges were timely reinstituted on May 6, 2009 and the motion to quash was filed on November 10, 2009. Clearly, the two-year time limitation for the commencement of the defendant’s trial had not lapsed. The trial court erred in partially granting the motion to quash on this basis. Thus, we reverse the trial court’s order quashing the reinstituted charges in counts one and two, and the case is remanded for further proceedings.
 

 MOTION TO STRIKE DENIED; RULING ON THE MOTION TO QUASH REVERSED; REMANDED FOR FURTHER PROCEEDINGS.
 

 GUIDRY, J., concurs.
 

 [1]
 

 . The bill of information also contained several charges against co-defendant Marcus D. Roach. Counts five through eight pertained exclusively to Roach. The State has appealed as to the co-defendant on the same basis as the instant case.
 
 See State v. Roach,
 
 2010-0991 (La.App. 1 Cir. 12/22/10), 68 So.3d 558.
 

 [2]
 

 . A motion to quash is the proper vehicle to assert that the time limitation for the institution of prosecution or commencement of trial has expired. LSA-C.Cr.P. arts. 531 and 532(7).
 

 [3]
 

 . The defendant does not argue that his speedy trial rights were asserted and violated.
 

 [4]
 

 . Attempted second degree murder is necessarily punishable by hard labor and thus prosecution must be instituted within six years of the date of commission. Illegal use of a weapon or dangerous instrumentality is punishable by imprisonment with or without hard labor requiring institution within four years of commission, but necessarily punishable at hard labor if committed during the commission or attempted commission of a crime of violence or violation of the Uniform Controlled Dangerous Substances Law and requiring institution within six years of its commission. LSA-R.S. 14:27(D)(l)(a); LSA-R.S. 14:30.1(B); LSA-R.S. 14:94(B), (E), or (F); and LSA-C.Cr.P. art. 572(A)(1) and (2).