HIGGINBOTHAM, J.
*608 The defendant, Joseph Davis, was charged by bill of information on February 11, 2008, with possession of cocaine, a violation of La. R.S. 40:967(C). The State dismissed this bill without prejudice on February 2, 2009. Subsequently, on May 11, 2010, the State filed a second bill of information, for the same crime. The defendant filed a motion to quash the second bill of information as untimely filed. Following a hearing on the matter, the motion to quash was denied. The defendant pled not guilty and, following a jury trial, was found guilty as charged. He was sentenced to two years imprisonment at hard labor. The sentence was suspended, and the defendant was placed on two years of active, supervised probation. The defendant now appeals, designating one assignment of error.
FACTS
On November 9, 2007, at about 8:30 p.m., Sergeant James Cooper, with the East Baton Rouge Sheriff's Office, was patrolling eastbound on I-12, near the Sherwood Forest Boulevard exit. Deputy Holley, a trainee, was riding with Sergeant Cooper.[1] He got behind an Oldsmobile Delta 88, being driven by the defendant. The license plate light was not working on the defendant's car. As Sergeant Cooper continued to follow the vehicle, the defendant swerved over to the far right lane a couple of times. Sergeant Cooper turned on his lights and siren and conducted a traffic stop. The defendant pulled over on the Sherwood Forest Boulevard exit-ramp.
Sergeant Cooper approached the driver's side and asked the defendant for his driver's license. Deputy Holley stood on the passenger's side of the defendant's car. While the defendant, still in his car with the door open, was looking for his driver's license, Sergeant Cooper shined a flashlight into the defendant's car. Sergeant Cooper saw what appeared to be (and was later identified as) crack cocaine inside a clear plastic bag in the driver's-side door panel; he seized the bag and tossed it on the roof of the defendant's car, toward Deputy Holley. According to Sergeant Cooper, The defendant was not aware that the drugs had been removed. Deputy Holley did not take possession of the drugs.
The defendant stepped out of his vehicle, and Sergeant Cooper told the defendant to turn around and put his hands behind his back. As the defendant turned toward his own car, he saw the cocaine on his roof. He grabbed the cocaine and put it in his mouth. A struggle ensued, whereby Sergeant Cooper tried to prevent the defendant from swallowing the drugs. Sergeant Cooper and the defendant fell to the ground and continued to fight over control of the cocaine. Sergeant Cooper, while yelling commands to the defendant to spit it out, kept one arm around the defendant's neck so that he could not swallow. Deputy Holley approached the defendant and used a drive stun on him.[2] The taser *609 had little to no effect on the defendant. As Sergeant Cooper and the defendant continued to struggle on the ground, more police showed up. One of the officers used a drive stun on the defendant, again producing little to no effect. Another officer sprayed mace in the defendant's face, which caused him to submit and to spit out the cocaine. As Sergeant Cooper stood up, he saw a second bag of crack cocaine on the ground next to the driver's side door of the defendant's car.
After the defendant was Mirandized, Sergeant Cooper asked the defendant where he got the crack cocaine from. The defendant told him that he had bought it in the Brookstown area earlier that day and that he intended to sell it to make some money. The total weight of the two bags of cocaine was 5.18 grams.
The defendant did not testify at trial.
ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant argues the trial court erred in denying the motion to quash the bill of information. Specifically, the defendant contends the State failed to prosecute him in a timely manner.
The defendant was charged with possession of cocaine on November 9, 2007. The State filed the first bill of information on February 11, 2008. The State dismissed this bill without prejudice on February 2, 2009. The State filed a second bill of information, for the same crime, on May 11, 2010. Because the original bill of information had been nolle prossed , this new bill of information had a different docket number. On January 12, 2011, the defendant filed a motion to quash the bill of information, which alleged that the reinstitution of charges by the State was untimely. Three weeks later at a hearing on the motion to quash, the trial court denied the motion.
The defendant argues in brief that the trial court should have quashed the new bill of information because the State failed to prosecute him in a timely manner. According to the defendant, the State should have reinstituted the charge against him within six months, pursuant to La. Code Crim. P. art. 576, rather than one year and three months later. Further, the defendant avers, since more than two years had passed between filing of the bills of information, the State had the burden to prove that the dismissal of the first bill of information was not to avoid the two-year prescription under La. Code Crim. P. art. 578.
A trial court's ruling on a motion to quash should not generally be reversed in the absence of a clear abuse of the trial court's discretion. See State v. Odom, 2002-2698 (La. App. 1st Cir. 6/27/03), 861 So.2d 187, 191, writ denied, 2003-2142 (La. 10/17/03), 855 So.2d 765. A trial court's legal findings, however, are subject to a de novo standard of review. See State v. Smith, 99-0606, 99-2015, 99-2019, 99-2094 (La. 7/6/00), 766 So.2d 501, 504. In this case, the trial court's ruling on the motion to quash is based on a legal finding and is, therefore, subject to de novo review. See State v. Vernell, 2010-0990 (La. App. 1st Cir. 12/22/10), 68 So.3d 553, 555-56, writ denied, 2011-1912 (La. 2/3/12), 79 So.3d 1025.
The defendant was charged with possession of cocaine, a conviction for which the defendant was subject to imprisonment with or without hard labor for not more than five years. See La. R.S. 40:967(C)(2) (prior to the 2017 amendment). Louisiana Code of Criminal Procedure Article 572 provides in pertinent part:
*610 A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
* * * * *
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
La. Code Crim. P. art. 578 provides in pertinent part:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution;
* * * * *
B. The offense charged shall determine the applicable limitation.
Under La. Code Crim. P. art. 578(A)(2), therefore, trial of a non-capital felony must be commenced within two years from the date of institution of the prosecution.[3] "Institution of prosecution" includes the filing of a bill of information, which is designed to serve as the basis of a trial. La. Code Crim. P. art. 934(7) ; State v. Cotton, 2001-1781 (La. App. 1st Cir. 5/10/02), 818 So.2d 968, 971, writ denied, 2002-1476 (La. 12/13/02), 831 So.2d 982.
The district attorney has the power to dismiss a formal charge, in whole or in part, and it is not necessary that he obtain consent of the court. See La. Code Crim. P. art. 691 ; Vernell, 68 So.3d at 556. The dismissal of such a formal charge by the district attorney is not, subject to narrowly delineated exceptions, a bar to a subsequent prosecution. See La. Code Crim. P. art. 693 ; Vernell, 68 So.3d at 556.
Louisiana Code of Criminal Procedure Article 576 provides:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant's consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
[Emphasis added.]
The defendant argued at the motion to quash hearing, and argues here in brief, that pursuant to La. Code Crim. P. art. 576, the State failed to reinstitute the charge within six months from the date of dismissal of the original bill of information. Six months, however, is not the applicable time period. Louisiana Code of Criminal Procedure Article 572, which provides the State in this case with a four-year time limitation to institute prosecution, is contained within the same chapter as *611 La. Code Crim. P. art. 576. See Vernell, 68 So.3d at 556. Since La. Code Crim. P. art. 576 provides that a new prosecution for the same offense may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer, the State's time allowance for instituting a new prosecution fell under the four-year period of La. Code Crim. P. art. 572 because it is longer than the six-month period under La. Code Crim. P. art. 576.
The defendant also argued at the motion to quash hearing, and argues here in brief, that, in any event, the State had no more than two years to institute prosecution under La. Code Crim. P. art. 578(2). Since two years and three months elapsed between the first and second filings by the State, the institution of prosecution, according to the defendant, was untimely.[4]
At the motion to quash hearing, the prosecutor noted that at the previous hearing on February 2, 2009, wherein he dismissed the first bill of information, he informed defense counsel (who, at that time, was Kathleen Petersen) that he was dismissing the bill of information because three of his witnesses failed to appear. The prosecutor further pointed out at this February 2 meeting that the State was dismissing without prejudice, so that in the event the State was able to find the witnesses "and if we have a reasonably acceptable explanation for their actions, then we reserve the right certainly to pursue Mr. Davis for the alleged criminal conduct."
Regarding the missing witnesses, the prosecutor stated at the instant motion to quash hearing:
One of them was out of state in school. The second one was on active duty in Iraq. And Deputy Cooper, who we contacted, who is present in court today, by the way, who we contacted a couple of times, did not respond to our subpoena. So, as is, I think-I wouldn't call it customary, but I thought I was being fairly generous at the time out of courtesy to Ms. Peterson. But because my witnesses-because it was my fault that we could not proceed with the matter, I dismissed the case. And I didn't give it a second thought. But at the time I dismissed it, I noted for the record the State acted first. The State dismissed without prejudice. If we have a reasonable explanation for their actions, for the deputies not being present, then we reserve the right certainly to pursue Mr. Davis for the alleged criminal conduct. And that's precisely what happened. We reinstituted prosecution within the four-year time period allowed by statute. The dismissal was because my witnesses failed to appear, not to avoid the time limitation, the two-year time limitations for bringing this matter to trial.
The foregoing analysis by the prosecutor regarding the time limitations for prosecution was correct. The effect of a dismissal, or nolle prosequi, is to discharge the particular indictment, bill of information, or affidavit; however, it does not necessarily bar further prosecution if it was entered before the first witness was sworn. Vernell, 68 So.3d at 557. See La. Code Crim. P. arts. 576, 691, & 693. The second paragraph of La. Code Crim. P. art. 576 does not create a presumption that a prosecution has been dismissed in order to circumvent the time limitations for commencement of trial. Rather, the second paragraph of Article 576 would preclude a new prosecution unless the State shows that the dismissal was not for the purpose *612 of avoiding the time limitation for commencement of trial established by La. Code Crim. P. art. 578. Vernell, 68 So.3d at 557.
A court's resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. Vernell, 68 So.3d at 556. In situations where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation. State v. Love, 2000-3347 (La. 5/23/03), 847 So.2d 1198, 1209. Herein, there is no evidence the district attorney was avoiding the time limitation for commencement of trial or was flaunting his authority at the expense of the defendant. The record indicates, rather, that a nolle prosequi was entered because witnesses for the State were not available to testify at trial. The defendant was alone when he was arrested by the police for possessing cocaine; and the defendant did not argue, nor ever made any showing, that he had lost a witness that would testify on his behalf because of the State's dismissal.
Moreover, the original charge against the defendant was dismissed only twelve months after the institution of the original prosecution. See Vernell, 68 So.3d at 557 (where the charges were dismissed only twelve months after the institution of the original prosecution). Thus, with the State having had another year to move forward with the original prosecution before dismissing under La. Code Crim. P. art. 578(2), it is clear the State did not enter a nolle prosequi to avoid the time limitation for commencement of trial. As such, there is no need to show that the defendant consented to the dismissal since there was no commencement of trial or swearing in of a witness prior to the dismissal of the original prosecution. See Vernell, 68 So.3d at 557. We find that the reinstitution of prosecution on the possession of cocaine charge, though made after six months from the original dismissal, was timely under the limitations set forth in La. Code Crim. P. art. 572, as the prosecution was reinstituted on May 11, 2010, less than four years after the November 9, 2007 commission of the offenses. See Vernell, 68 So.3d at 557.
The defendant, both in his filed motion to quash and at the motion to quash hearing, erred in calculating the time delay for commencement of trial from the date of the original, discharged bill of information. In non-capital felony cases, the State has two years from the reinstitution of prosecution to commence trial, barring any interruption or suspension of the time delay. See State v. Hearin, 409 So.2d 577, 578-79 (La. 1982) (where the State's re-indictment was not for the purpose of avoiding the time limitation established by La. Code Crim. P. art. 578, the new prosecution was found timely though instituted after the time limitations for commencement of trial had elapsed but within the time limitations for a new prosecution provided by La. Code Crim. P. art. 576 ); Vernell, 68 So.3d at 557-58. Since the effect of a dismissal is to discharge the particular indictment or bill of information, the two-year time limitation for commencement of trial cannot continue to run under a prosecution that no longer exists. Rather, this time period began to run anew with the filing of a new bill of information. Vernell, 68 So.3d at 558.
We find that the 2010 reinstitution of prosecution for the 2007 offense was timely, as it was not in violation of *613 La. Code Crim. P. art. 572 and was not precluded by La. Code Crim. P. art. 576. See Vernell, 68 So.3d at 558. Accordingly, the trial court did not err in denying the motion to quash.
The assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

Deputy Holley's first name was not given at trial. Sergeant Cooper testified that Deputy Holley was no longer with the police department.

Sergeant Cooper explained that a drive stun is the use of a taser device, wherein the barbs are removed and the exposed prongs on the device are applied directly to the body. This method, according to Sergeant Cooper, is not as effective as tasering with the barbs.

A motion to quash is the proper vehicle to assert that the time limitation for the institution of prosecution or commencement of trial has expired. La. Code Crim. P. arts. 531 and 532(7).

The defendant did not assert that his speedy trial rights were violated in brief, in the filed motion to quash, or at the motion to quash hearing.