LOLLEY, J.
| tThis criminal matter arises from the First Judicial District Court, Caddo Parish, Louisiana, .wherein LaKetcia D. Bur-rell was charged by bill of information with *482 one count felony theft, pursuant to La. R.S. 14:67. Burrell filed a motion to quash the bill of information, arguing the .time limitation for institution of prosecution had expired, pursuant to La. C. Cr. P. art. 572. After a .contradictory hearing, the trial court denied Burrell’s motion to quash. Burrell sought supervisory review. This court granted the writ and placed the matter on the appeal docket for consideration. For the following reasons, the judgment of the trial court is vacated and thé bill of information is dismissed.
FACTS
On January 13, 2008, LaKetcia Burrell attempted to issue a bad check at Walmart (“the Walmart offense”). Two weeks later, on January 28, 2008, Burrell allegedly committed credit card fraud at the Regions Bank, HealthPlex Drive branch, Shreveport, Louisiana (“the Regions offense”). These two offenses are in ho way connected to each other:
On March 14, 2008, a bill of information was filed on Burrell in connection with the Walmart offense. On that same day, Officer Frank Edmondson, III, of the Shreveport Police Department attempted to contact Burrell by phone in order to investigate a report of theft from Regions Bank, alleging Burrell stole $6,343.00 through a fraudulent transaction. Officer Edmondson spoke to Burrell three days later, and she explained that she did not have, a ride to the police station, but would call • back once she was able |2to come in. On April 4, 2008, Off. Edmondson called again, got no answer, and suspended the case until Burrell was available for interview.
On July 9, 2008, Burrell pled guilty to the Walmart offense. She was sentenced to six'months’ probation, and execution of sentence was deferred. Lieutenant Randy Coke, Burrell’s probation supervisor, testified that Burrell reported to the probation office in July and August of 2008, but failed to complete the requirements of her probation in connection with the Walmart offense. She further failed to appear for the execution of sentence on September 24, 2008, which was deferred until December. Burrell failed to appear in December, and the execution of sentence was again deferred. On February 13, 2009, Burrell did not appear for execution of sentence and a bench warrant was issued for her arrest.
On July 16, 2008, Off. Edmondson attempted to follow up with Burrell for the Regions offense, and reported that the phone number he previously used to contact her was now unreachable. Officer Edmondson’s supervisor reviewed a comparison of Burrell’s Louisiana State Identification Card and photos from the Regions Bank security camera, and instructed Off. Edmondson to pursue a warrant, for Bur-rell’s arrest. On July 21, 2008, a warrant for bank fraud was issued for Burrell. After the warrant was, issued, no further efforts were made by the state in regard to locating Burrell for the Regions offense.
No action was taken in either the Wal-mart offense or the Regions offense until July 13, 2014, when Burréll was arrested.[1] On August 28, |s2014, the state filed a bill of information in connection with the Regions offense charging Burrell with felony theft, a violation of La. R.S. 14:67. On March 3, 2015, Burrell filed a motion to quash the bill of information claiming the time limitation for institution of prosecution for this offense had prescribed pursuant to La. C. Cr. P. art 572. A contradictory hearing was held, and the trial court *483 denied Burrell’s motion. Burrell sought supervisory review of the trial court’s ruling. This court granted the writ, placing it on the appeal docket for consideration.
DISCUSSION
In this appeal, Burrell asserts several assignments of error, most relating to the trial court’s denial of her motion to quash the bill of information. She argues that the state provided no .evidence that she: intentionally avoided capture; had knowledge of the warrants; left the state or her usual place of abode; and, could not be located prior to'2014 by diligent effort. Burrell also argues that the trial court based its judgment on irrelevant hearsay evidence concerning missed court dates in the Walmart offense.
The state argues that Burrell’s failure to report to probation and hearings in connection with an unrelated misdemeanor offense is evidence, in and of itself, of Bur-rell’s knowledge of the arrest warrants for the Regions offense and intentional avoidance of capture and prosecution. The state alleges that Burrell did not become “locatable” until the July 2014 arrest, and it is the state’s position that Burrell “absconded” probation. This record does not support the state’s assertions.
UTypically, appellate courts apply an abuse of discretion standard in reviewing a trial court’s ruling on a motion to quash. State v. Lester, 49,787 (La.App.2d Cir.05/20/15), 165 So.3d 1181; citing State v. Love, 2000-3347 (La.05/23/03), 847 So.2d 1198. The trial court’s decision on a motion to quash should not be reversed in the absence of a clear abuse of the trial court’s discretion. State v. Love, supra.
Burrell’s motion to quash is based on La. C. Cr. P. art. 532(7), which allows for a motion when the “time limitation for the institution of prosecution or for the commencement of trial has expired.” When a. defendant has brought an apparently meritorious motion to quash based upon prescription, the state hears a heavy burden to demonstrate that the time limitation period has been interrupted or that it has been suspended so that the time limitation has ..not yet expired. State v. Rome, 1993-1221 (La.01/14/94), 630 So.2d 1284; State v. Barnett, 50,213 (La.App.2d Cir.08/12/15), 174 So.3d 748.
The district attorney has “entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” State v. Jackson, 41,179 (La.App.2d Cir.06/28/06), 935 So.2d 319. The Louisiana Code of Criminal Procedure puts limitations on the time period in which the district attorney can choose to prosecute. La. C. Cr. P. art. 572. The Louisiana-Supreme Court has- explained the importance for setting such limitations on the- institution of prosecution in State v. Stetson, 317 So.2d 172, 174-5 (La.1975):
The statute represents a legislative assessment of relative interests of the-state and defendant in administering and 1 ^receiving justice; it is enacted for the repose of society and the protection qf those who may have lost their means of defense because of the passage of the prescribed time. The statute furnishes the desirable ingredient of predictability by specifying a limit beyond which there is an irrefutable presumption that a defendant’s right to a fair trial would be prejudiced. Its purpose is to limit exposure to criminal prosecution to a fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanction. By this limitation individuals are protected from having to defend themselves against charges when the basic facts may have become obscured by the passage of time. *484 Danger of official punishment because of acts in the far-distant past are minimized. Law enforcement officials are encouraged by such a limitation to promptly investigate suspected criminal activity.
Louisiana C. Cr. P. art. 572 addresses the time limits on institution of prosecution for noncapital offenses, and states, in pertinent part:
A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor.
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
(3) Two years, for a misdemeanor punishable by a fine, or imprisonment, or both.
(4) Six months, for a misdemeanor punishable only by a fine or forfeiture.
Louisiana C. Cr. P. art. 575 addresses interruption of the time limitation set forth in art. 572. The pertinent interruption argued by the state is La. C. Cr. P. art. 575(1), which provides that time limitations on prosecution are interrupted when a defendant “for the purpose of avoiding detection, apprehension or prosecution, flees from the state, is outside the |Bstate, or is absent from his usual place of abode within the state.” The official revision comment to La. C. Cr. P. art. 575 explains the meaning of “abscond” as it is used in reference to this article: “The word abscond includes the idea of concealment without flight; on the other hand, fleeing from justice requires that there be a movement out of the jurisdiction. Concealment without fleeing can be done by change of name, refraining from appearance in public, or other conduct that reflects intent to conceal oneself.” La. C. Cr. P. art. 575, official revision comment (a); See State v. Stanton, 200 La. 457, 24 So.2d 819 (1946).
Louisiana C. Cr. P. art. 577 addresses the burden of proof for a claim of interruption and states:
The issue that a prosecution was not timely instituted may be raised at any time, but only once, and shall be tried by the court alone. If raised during the trial, a hearing thereon may be deferred until the end of the trial.
The state shall not be required to allege facts showing that the time limitation has not expired, but when the issue is raised, the state has the burden of proving the facts necessary to show that the prosecution was timely instituted.
Burrell has brought a meritorious motion to quash the felony theft charge against her based on prescription. On its face, the bill of information filed by the state on August 28, 2014, provides, “the State of Louisiana charges that on or about January 29, 2008, at and in the Parish, District and State aforesaid, LaK-etcia D. Burrell committed the offense of R.S. 14:67-Felony Theft in that she committed a theft of cash of a value of over $500, belonging to Regions Bank.”
|7The state had a choice to prosecute Burrell for the alleged offense, but had a specific, limited time period to make that decision. The alleged offense was committed on January 28, 2008. Burrell was accused of felony theft of a value over $500.00, which imposes a minimum sentence of not more than ten years’ imprisonment, with or without hard labor. La. R.S. 14:67(B)(2). That charge meets the requirements outlined in La. C. Cr. P. art. 572(A)(2), which imposes a four-year limit *485 on the state s decision to file a bill of information charging Burrell with the alleged offense. This' time period expired January 28, 2012. The bill of information was not filed until Augdst 28, 2014. The bill of information did, not address the obvious issue here-the limitation on institution of prosecution had. expired.
These code articles ■ provide desirable predictability within the judicial, system by setting an outer limit on the time in which the state may prosecute. Once the time limit expires,, an irrefutable presumption that prosecution for an offense committed in the now far-distant past, in this ease, 6½ years ago, would not be in the interest of fairness or justice. The purpose of these articles is to ensure efficiency in the criminal justice process and encourage prompt investigation by law enforcement of alleged crimes. In order to proceed with this prosecution, the state must prove that the prescriptive period was interrupted. Louisiana C, Cr. P. art. 577 places the burden to prove interruption on the state, and jurisprudence clarifies that it is a “heavy burden” the state must bear.
The state argues that Burrell’s failure to appear in court for her execution of sentence and her failure to meet with her probation officer after | sAugust 2008 is sufficient evidence to prove that she absconded, i.e., was absent from her place of abode. However, jurisprudence suggests that more facts than have been provided here are needed to establish flight. At the contradictory hearing, the state presented one witness, Lieutenant Coke, who testified as follows:
Q: Will you please state your full name for the record.
A: Lieutenant Randy Coke.
Q: I’m sorry. And, Lieutenant Coke, what is your assignment, your current assignment?
A: I’m now the supervisor in the probation department.
Okay. And where you working in the probation department in 2008? <p
I was. i>
And during that time, did you supervise a person by the name LaK-etcia Burrell?
I did. <
Okay. What date did that supervision begin? &
July 9, 2008. <3
Okay. What was the térm of supervision supposed to be? &
She had six months of supervised probation.
Okay. And to your knowledge, did Ms. Burrell successfully complete that probation or what happened? <y
She, after the initial sign-up, she came back in one time. And after that time, she failed to come back, and a warrant was issued. A probation warrant was issued for her arrest.
Okay. And do you know what the date was that Ms. Burrell did actually report or your last contact with her? &
Last contact would have been August 15, 2008, the following month after she signed up.
Okay. And when was the probation warrant filed? <3?
It was filed January 22,2009. <j
2009. Okay. &■
I’m sorry. I’m sorry. That’s not correct. July 8 — January 8. Excuse me. January 8,2009. <!.
Okay. And the reason for that was because the defendant had absconded? '<©
Right. i>
Okay. When was that — or to .your knowledge was that probation warrant ever executed? ¿D
*486 A: It was. It was executed last year in July. 1⅛ not sure of the exact date, but once she was arrested, there was also — prior to her arrest, there was a warrant for her execution of sentence in February of 2009. Both warrants were executed—
[Burrell objects to hearsay — noted for the record]
A: — the warrants were, executed sometime prior to July 17, 2014. The reason that is, is after her arrest someone in her family came in to pay the back probation fees and the court costs that was owed in this ease. And the probation fees and the - court costs was collected on July 17,2014.
Q': Okay. And does that conclude all of your knowledge about the supervision of Ms. Burrell?
A: Yes ma’am
Burrell had an open arrest warrant filed July 21, 2008, for the Regions offense. Burrell argues that when she presented herself in the probation office on August 15, 2008, the state had the opportunity to arrest her at that time, yet did not. Lieutenant Coke admitted that at the time of the August probation meeting, he had no idea that an arrest warrant for an unrelated Imoffense had been open for almost a month. When Burrell failed to present herself at future probation meetings or the execution of sentence hearing, Lt. Coke admitted he did not attempt to go to her home to locate her. Further, he had no reason to believe that she had ever left the state or moved from the address she had registered with the probation office. He also had no knowledge of any, actual attempt made to arrest Burrell before' the July 2014 arrest. Lieutenant Coke failed to provide any evidence that Burrell was not at her usual place of abode within the state; therefore, the state failed to meet the burden in proving an interruption of the time limitation on prosecuting Burrell for the Regions offense.
In denying Burrell’s motion to quash, the trial court stated:
Based upon the testimony, according to the probation officer, Deputy Coke, he attempted to locate the defendant before issuing a warrant; The defendant showed up on her initial appearance. She was present during the sentencing and was aware that she was on probation for six months. She showed up on the first and second month, refused to show up after that. He attempted to locate her. She could not be located, was issued a warrant. She was aware of her execution of sentence date, may or may not Have beéñ aware of any other arrest warrants; however, she was aware. Detective Coke attempted to locate her. So based upon that, the motion to quash is denied.
The trial court’s reliance on the testimony of Lt. Coke in denying the motion to quash was an abuse of discretion. The state asked merely 13 questions of Lt. Coke, none of which established the necessary elements to show that Burrell intentionally absconded from justice. Here, Lt. Coke testified that he (1) did not go to Burrell’s place of abode; (2) could not remember if he called Burrell to determine her whereabouts; (3) had no reason to believe that Burrell had moved residences; and (4) was not aware In of any efforts prior to July 2014 to arrest Burrell on the February 2009 bench warrant and January 2009 probation warrant. Furthermore, the statement in the probation arrest warrant — “Laketcia' Burrell has failed to report on a monthly basis and pay her fees and restitution” — does not suggest flight from the state or absence from one’s usual place of abode.
*487 It is clear that to “abscond,” Burrell would have had to refrain from public appearance with the intent of concealing herself for the purpose of avoiding arrest. Merely not showing up for probation for an unrelated offense is not the same as intending to conceal oneself. Nothing in the record supports the state’s bare assertion that Burrell acted with intent to conceal herself. Therefore, the state’s assertion has no merit and the state offered no support for this argument at the hearing' on the motion to quash,
Burrell raises an additional assignment of error regarding her hearsay objection. However, considering our findings herein, discussion of that issue is pretermitted.
CONCLUSION
For the foregoing reasons, the judgment of the trial court denying the motion to quash of the defendant, LaKetcia D. Bur-rell, is vacated. Burrell’s motion to quash is hereby granted, and the bill of information charging her with theft is dismissed as prescribed under La. C. Cr. P. art. 572.
VACATED AND DISMISSED;.

. The record does not contain a description of the circumstances leading to this arrest; it only reveals that all three outstanding warrants for Burrell were executed at ⅛⅛ time.