Judgment rendered February 25, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,646-KW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Plaintiff- Respondent

versus

CALVIN JERMAINE LEE                         Defendant- Applicant

* * * * *

On Application for Writs from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 398,506

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPEALS AND                       Counsel for Applicant
WRIT SERVICE
By: Remy V. Starns
    Mark D. Plaisance
    Charles K. Parr
    Robin Capps

JAMES E. STEWART, SR.                       Counsel for Respondent
District Attorney

ERICA N. JEFFERSON
Assistant District Attorney

* * * * *

Before PITMAN, THOMPSON, and MARCOTTE, JJ.

**THOMPSON, J**.

Jermaine Calvin Lee had an encounter in January 2019 with police executing a search warrant at a residence in Shreveport, Louisiana, during which a small amount of cocaine was found. He was not arrested. Police alleged that Lee shared his phone number with them, and there was brief discussion about Lee serving as a confidential informant for law enforcement. Over the next several months, police attempted to contact Lee on his telephone without success, but police never returned to the residence to look for Lee or undertook any other efforts to contact him. A warrant for Lee's arrest was issued. Almost five years later, a bill of information was filed, charging Lee with possession with intent to distribute the cocaine discovered in the home during the search. In response, Lee filed a motion to quash, arguing that his prosecution was not timely instituted within the four-year prescriptive period provided by law. The trial court denied his motion to quash, finding that his failure to answer the phone amounted to concealment and an attempt to avoid prosecution. For reasons more fully detailed below, we reverse the decision of the trial court, grant Lee's motion to quash, and dismiss the bill of information, finding the State failed to timely institute the prosecution against Lee and that no interruption of the four-year time period occurred.

## FACTS AND PROCEDURAL HISTORY

Jermaine Calvin Lee ("Lee") was charged with possession with intent to distribute cocaine, a Schedule II CDS, less than 28 grams, a crime punishable by imprisonment, with or without hard labor, for not less than

one nor more than ten years.[1]  For crimes like this, which are not necessarily punishable by imprisonment at hard labor, there is a requirement prosecution must be instituted within four years.[2]  Lee is challenging the timeliness of his prosecution, as the events giving rise to his charges occurred more than four years prior.

On December 5, 2023, Lee was charged with possession with intent to distribute cocaine, a Schedule II CDS, less than 28 grams.  The bill of information alleged that the offense had actually occurred more than four years prior, on January 23, 2019.

Lee filed a motion to quash,[3] arguing that the prosecution was not timely instituted under La. C. Cr. P. art. 572, as the bill of information was filed more than four years after the date of the offense.  The time between the alleged offense and the billing date is four years, ten months, and 12 days.

At a hearing[4] on Lee's motion to quash, Sergeant Kevin Harris of the Caddo Parish Sheriff's Office testified that on January 23, 2019, he executed a warrant for 135 East 74th Street in Shreveport.  Lee was the only person in the residence, and after being advised of his rights, he directed the officers to three grams of cocaine under a couch cushion.  Sergeant Harris then talked to Lee about "helping himself out" by working with the police.  Interestingly, Sergeant Harris stated that he did not remember if Lee affirmatively agreed to becoming a confidential informant.  Sergeant Harris assumed Lee did agree to act as a confidential informant, because Lee gave

---

[1] La. R.S. 40:967(B)(1)(a).
[2] La. C. Cr. P. art. 572(A)(2).
[3] September 13, 2024.
[4] July 1, 2025.

him his phone number. Sergeant Harris explained: "[I]t had to be a yes given the fact that Mr. Lee was left out of jail." This testimony is the entirety of the information contained in the record regarding the alleged creation of a confidential informant relationship with Lee.

Sergeant Harris also noted that police were trying to hurry and get out of the house before Lee's children arrived home from school. Over the next several months, Sergeant Harris unsuccessfully attempted to contact Lee several times via telephone. Specifically, Sergeant Harris testified he called Lee at the number he provided about ten times during this time period, but Lee never answered. Sergeant Harris confirmed he never attempted to talk to Lee in person again because, as he stated, there were concerns related to safeguarding the identities of informants. Sergeant Harris further testified he never attempted to verify whether Lee lived at the residence where the search warrant was executed. Because Lee did not take the opportunity to work with police, Sergeant Harris sought and obtained an arrest warrant for Lee seven months later, on August 27, 2019. Sergeant Harris explained that once the arrest warrant was signed, his involvement ended and the matter was turned over to the warrants division to locate and arrest Lee. Lee was not arrested on the warrant until November 2, 2023, and he was formally charged on December 5, 2023.

At the hearing on Lee's motion to quash, counsel for Lee argued that there was no evidence that Lee fled the state, changed his address, or intentionally avoided contact with Sergeant Harris, and noted that there was no testimony from anyone within the warrants division as to the extent of their efforts to locate Lee. The four-year period for prosecution outlined in La. C. Cr. P. 572 is interrupted only when a defendant flees from the state, is

3

outside the state, or is absent from his usual place of abode for the purposes of avoiding detection, as provided in La. C. Cr. P. 575. Therefore, counsel for Lee argued that the time limit to institute prosecution expired.

In response to Lee's arguments, the State argued that the time limit was interrupted by the arrest warrant issued in August 2019, when Sergeant Harris had not heard from Lee, and that the time limit did not resume until Lee was arrested on November 2, 2023. The State claimed that Lee avoided Sergeant Harris' phone calls for the purpose of avoiding prosecution, that law enforcement did everything it was supposed to do, and that there is no indication the State had any knowledge of Lee's whereabouts.

Following arguments, the trial court denied Lee's motion to quash. The trial court reasoned that Lee's failure to return phone calls to police he knew he was supposed to return constituted concealment or an attempt to avoid prosecution. In addition, the trial court stated that the opportunity to work with police instead of being arrested was a benefit to Lee, and that he should not now be able to quash the bill because they were unable to locate him. Lee filed for supervisory review of the trial court's ruling denying his motion to quash. The matter was granted to docket for review and briefing.

## DISCUSSION

Lee asserts three assignments of error. Lee's first two assignments of error relate to his arguments regarding the State's failure to timely institute his prosecution and failure to prove the interruption of prescription in this case. His third assignment of error relates to his status as a potential confidential informant for the police department in relation to the suspension of the prescriptive period.

4

**Assignment of Error No. 1:** Because the State failed to show that it had instituted prosecution in Mr. Lee's case within the legal time delays, the trial court erred in denying the motion to quash.

**Assignment of Error No. 2:** The Code of Criminal Procedure designates four ways for interruption to occur. Because phone calls are not sufficient to prove absence, and the filing of a warrant has no interruption effect, the State failed to prove that there was an interruption of prescription in this case.

Lee argues that his motion to quash has merit on its face due to the State's failure to institute his prosecution in time. Lee was charged with possession with intent to distribute a controlled dangerous substance, Schedule II, a felony that is not necessarily punishable by hard labor; therefore, the State had four years from the date of the alleged crime to institute prosecution. La. C. Cr. P. art. 572. Lee asserts that in his case, the prosecution was clearly instituted more than four years after the alleged crime occurred. Lee argues that the State failed to prove that a recognized interruption of prescription had occurred. Lee asserts that the testimony from the hearing on the motion to quash lacks any indication that he attempted to flee the state, was outside the state, or was absent from his usual place of abode. Lee argues, therefore, there was no interruption of prescription proven by the State. Additionally, Lee asserts that the failure to answer the phone does not prove that he was either fleeing the state, outside the state, or absent from his usual abode with the intent of avoiding detection, apprehension, or prosecution.

An appellate court may reverse a trial court's judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. *State v. Bratton*, 56,080 (La. App. 2 Cir. 2/26/25), 408 So. 3d 446; *rev'd on other grounds,* 25-00404 (La. 9/16/25), 418 so. 3d 878; *State v. Love*, 00-3347 (La. 5/23/03), 847 So. 2d 1198.

5

A motion to quash may be based on grounds that the time limitation for the institution of prosecution has expired. La. C. Cr. P. art. 532(7). When a defendant has brought an apparently meritorious motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or a suspension of the time limit has occurred. *State v. Rome*, 93-1221 (La. 1/14/94), 630 So. 2d 1284; *State v. Bratton*, *supra*.

La. C. Cr. P. art. 572 limits prosecution of noncapital offenses by barring any prosecution not instituted within a specified period of time from the date of the offense. For a felony not necessarily punishable by imprisonment at hard labor, prosecution must be instituted within four years from the date of the offense.

La. C. Cr. P. art. 575 provides that the period of limitation established by La. C. Cr. P. art. 572 is interrupted when the defendant, "for the purpose of avoiding detection, apprehension or prosecution, **flees from the state, is outside the state, or is absent from his usual place of abode within the state**." (Emphasis added.)

La. C. Cr. P. art. 577 addresses the burden of proof for a claim of interruption and states that the issue that a prosecution was not timely instituted may be raised at any time, but only once, and shall be tried by the court alone. The State shall not be required to allege facts showing that the time limitation has not expired, but when the issue is raised, the State has the burden of proving the facts necessary to show that the prosecution was timely instituted. La. C. Cr. P. art. 577.

Prior jurisprudence considering whether the threshold actions for interruption of the four-year prosecutorial timeline is instructive. In *State v. Burrell*, 50,461 (La. App. 2 Cir. 3/2/16), 189 So. 3d 481, this Court held that

the defendant's failure to meet with her probation officer and failure to appear in court for execution of sentence in connection with a separate offense were not sufficient to prove that the defendant had avoided detection, so as to interrupt the four-year period for charging her with felony theft. The bill was filed on August 28, 2014, alleging that the crime occurred on January 29, 2008. In discussing the four-year time limit to institute prosecution under La. C. Cr. P. art. 572, this Court stated:

> These code articles provide desirable predictability within the judicial system by setting an outer limit on the time in which the state may prosecute. Once the time limit expires, an irrefutable presumption that prosecution for an offense committed in the now far-distant past … would not be in the interest of fairness or justice. The purpose of these articles is to ensure efficiency in the criminal justice process and encourage prompt investigation by law enforcement of alleged crimes. In order to proceed with this prosecution, the state must prove that the prescriptive period was interrupted. La. C. Cr. P. art. 577 places the burden to prove interruption on the state, and jurisprudence clarifies that it is a "heavy burden" the state must bear.

In *Burrell, supra,* this Court noted that the only evidence presented by the State at the hearing on the motion to quash, from the defendant's probation officer, established that he never went to the defendant's home to locate her; he could not remember if he called the defendant to determine her whereabouts; he had no reason to believe that the defendant had moved residences; and he was not aware of any efforts prior to July 2014 to arrest the defendant on the February 2009 bench warrant and January 2009 probation warrant. Because the State failed to meet its burden proving an interruption of the time limitation, this Court reversed the trial court's ruling and dismissed the bill of information as prescribed.

In the present matter, Lee's offense of possession with intent to distribute cocaine is punishable by one to 20 years with or without hard

labor. La. R.S. 40:967(B)(1)(a). As such, La. C. Cr. P. 572 requires the State institute prosecution by filing a bill of information within four years of the date of the offense. The bill alleges that the offense occurred on January 23, 2019, and the bill was filed more than four years later, on December 5, 2023. In order to meet its heavy burden of establishing an interruption of the four-year time limit to institute prosecution, the State was required to prove that Lee was absent from the state or his usual place of abode with the intention of avoiding prosecution.

Based on the testimony of Sergeant Harris, the State argued that Lee's failure to answer Sergeant Harris' phone calls over seven months showed that Lee was avoiding prosecution. However, failing to answer a phone call is not sufficient to evidence an intent to conceal oneself, as required by La. C. Cr. P. art. 575. The State provided no evidence that Lee fled the state, was located outside the state, or was even ever absent from his usual place of abode at any time from 2019 to 2023. Although no evidence was presented on the question of Lee's address, the evidence suggests that he lived at the residence where the initial search warrant was executed. Lee was the only person in the home at that time and was waiting on his children to get home from school. Lee was ultimately arrested, over four years later, at that same residence based on the arrest warrant which contained the same address. Further, there was no evidence presented as to any efforts to locate Lee, from the warrants division or otherwise, from the time the arrest warrant was issued in 2019 to when Lee was arrested in 2023. There is also no indication in the record that Lee was even aware that an arrest warrant had been issued or that any member of law enforcement attempted to execute the warrant. Therefore, the evidence reasonably shows that the State: (1) had knowledge

of Lee's whereabouts, and (2) failed to exercise due diligence in timely executing the arrest warrant. Accordingly, we find Lee's first two assignments of error have merit.

**Assignment of Error No. 3: Although Lee was supposed to help the Caddo Sheriff's Department find other defendants, the trial court improperly considered evidence that Lee may have been thought of as a confidential information as an interruption, abusing its discretion by denying the motion to quash.**

Lee argues that the State's failure to arrest him on the scene due to his potential agreement to become a confidential informant does not interrupt prescription. We agree. As noted above, the State failed to timely prosecute Lee in the four-year time period between Lee's interaction with Sergeant Harris in early 2019 and his being charged in late 2023, and phone calls alone are not enough to interrupt the prescriptive period. Lee's status as a potential confidential informant who failed to answer his telephone did not suspend the four-year prescriptive period. Whether or not Lee considered or agreed to become a confidential informant has no bearing on the interruption of prescription. Accordingly, we find that Lee's third assignment of error also has merit.

### CONCLUSION

Considering the foregoing, we reverse the trial judge's ruling denying Lee's motion to quash and dismiss the bill of information as prescribed.

**REVERSED.**