BROWN, Chief Judge.
_JiThis expedited criminal appeal by the state arises from the trial court’s granting of defendant’s pre-trial pro se motion to quash the indictment charging him with second degree murder.[1] For the reasons set forth herein, the trial court’s ruling is vacated, the motion to quash is denied, and the matter is remanded for further proceedings.

Facts.

On December 21, 2011, based on the accounts of several eyewitnesses, defendant, Michael Lorenzo Barnett, Jr., was arrested for the shooting murder of Andre Alexander. On February 9, 2012, Barnett was indicted for second degree murder. On March 23, 2015, the matter had not yet proceeded to trial and Barnett filed a pro se motion to quash the indictment based on La. C. Cr. P. art. 578(A)(2), which provides that no trial shall be commenced in a non-capital felony case after two years from the date of institution of the prosecution. The state urged the applicability of La. C. Cr. P. art. 580(A), which provides that:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
Following a brief hearing, the trial judge granted the motion quashing the indictment. The court then granted a stay of the proceedings and the matter was brought to this court for resolution.
| procedural History
The following chronology is critical to the our analysis of whether the trial court properly granted defendant’s motion to quash.
• December 22, 2011. A 72-hour hearing was held. Defendant was present via video conference. The court referred defendant to the Indigent Defenders Board (“IDB”) for appointment of counsel and his arraignment date was set for January 1, 2012.
• December 28, 2011. George Britton with the IDB was appointed to represent defendant.
• January 25, 2012. The state was served with several motions prepared by Attorney Britton, including a motion for discovery, a motion for bond reduction and a request for a preliminary examination. The motions had orders attached thereto. Arraignment was reset for February 22, 2012; Lavalle Salomon enrolled as counsel and George Britton was relieved as appointed counsel.
• February 9, 2012. Defendant was indicted by the grand jury for second deyree murder.
• February 13, 2012. Motions for Discovery and Bond Reduction and a Request for Preliminary Examination (the same motions as previously served on the district attorney by George Britton on January 25, 2012) were filed into the record. (The orders attached to the motions had *751 “strike-throughs” with the initials “WR” Wilson Rambo. There is no specific language of disposition such as “granted” or “denied.”)
• February 22, 2012. Barnett was present with Attorney Salomon; defendant waived formal arraignment and entered a plea of not guilty; Attorney Salomon filed a motion for discovery and inspection of public records; the matter was set for hearing on March 28, 2012.
• March 28, 2012. Barnett was present with Attorney Salomon; there was discussion about the motion for preliminary examination and bond reduction and the hearing was reset for April 25, 2012; discovery was provided to the defense in open court.
• April 25, 2012. Lavalle Salomon was present for Barnett, whose presence was waived; there was a joint continuance of the motions for bond reduction and preliminary examination to July 11, 2012.
| a* July 11, 2012. Barnett and Attorney Salomon were present. In discussing setting a date for motions, the following exchange between the judge and Attorney Salomon occurred:
The Court: Mr. Barnett, Mr. Salo-mon, are present, August 13, courtroom 4 at 9:00 a.m. for hearings on motions, a bond reduction hearing and perhaps a preliminary exam as well?
Mr. Salomon: The preliminary exam is obviated by the indictment, your Honor, it serves the same purpose-
The Court: A reverse PE?
Mr. Salomon: Yes, sir.
Ms. Davis (Prosecutor): Exactly.
The Court: All right, so ordered.
• August 13, 2012. Barnett and Attorney Salomon were present; there was a joint motion to continue to September 10, 2012, because counsel for state was in trial.
• September 10, 2012. Clara Toombs was present for Attorney Salomon; Barnett’s presence waived; the case was continued to October 17, 2012.
• October 17, 2012. Attorney Salomon was present; Barnett’s presence was waived; by joint motion the matter was continued to January 30, 2013.
• January 30, 2013. Lavalle Salomon was present; Barnett was present; the case was reset by joint motion to March 11, 2013.
• March 11, 2013. Amado Leija was present for Lavalle Salomon; Barnett’s presence was waived; the case was reset to May 22, 2013.
• May 22, 2013. Attorney Salomon was present; Barnett was present; Attorney Salomon represented to the court that he does not believe there are any pending motions at this time, however, the trial judge set a hearing on any pre-trial motions for July 8, 2013; the fírst setting of trial date was for August 26,2013.
14* July 8, 2013. Lavalle Salomon was present; Barnett’s presence was waived; Mr. Salomon indicated that the parties “are in discussions” and the case was reset for August 14, 2013.
• August 14, 2013. Lavalle Salomon was present; Barnett’s presence was waived; there was a joint motion to continue/refix for status October 9, 2013.
• August 26, 2013. Attorney Salomon was present; Barnett’s presence was waived. Trial was continued by joint motion to October 9, 2013.
*752 • October 9, 2013. Attorney Salomon was present; Barnett’s presence was waived; Attorney Salomon indicated he is expecting a plea offer; the case was reset by joint motion to December 18,2013.
• December 18, 2013. Lavalle Salomon was present; Barnett was present; counsel noted that the parties were “in discussions” and the case was reset at defense counsel’s request to determine status to February 12, 2014.
• February 12, 2014. Court was closed due to weather; the case was continued to February 25, 2014.
• February 25, 2014. George Britton was present for Lavalle Salomon; Barnett was present; the case was reset for April 16, 2014.
• April 16, 2014. Judge on vacation; the case was reset for April 23, 2014.
•April 23, 2014. Lavalle Salomon was present; Barnett was present; Attorney Salomon again stated that he and the state were “in discussions” and by joint motion the matter was reset for May 21, 2014.
• May 21, 2014. Mario Leija was present for Lavalle Salomon; Barnett was present; the case was reset for June 25, 2014.
• June 25, 2014. George Britton was present for Attorney Salomon; the case was reset by joint motion for August 6,2014.
• August 6, 2014. Lavalle Salomon was present; Barnett was present; the prosecutor expressed her concerns about the time the plea had been outstanding and that she needed an answer from defendant; otherwise, it was time to go to trial; Mr. Salomon again represented that Barnett wanted to continue to discuss the plea with his family; the case was reset for September 3, 2014.
September 3, 2014. Lavalle Salomon was present; Barnett was present; the prosecutor, Attorney Salomon and Barnett engaged in an argumentative colloquy about the plea negotiations; the prosecutor extended the offer of manslaughter for one more night; by joint motion the matter was reset for September 8, 2014.
• September 8, 2014. Lavalle Salomon was present; Barnett was present; Barnett rejected the plea offer and the trial date was reset for November 10, 2014.[2]
• November 10, 2014. Lavalle Salomon was present; Barnett was present; all matters pending were jointly reset for December 8, 2014.
• December ⅜ 2014. Bob Noel was present for Attorney Salomon; on defense motion, the trial date was reset to January 26, 2015.
• January 26, 2015. Lavalle Salomon was present; Barnett was present; there was a joint motion to reset (hearing docket and trial docket) to May 11, 2015.
• March 23, 2015. Attorney Salomon was present; Barnett was present; *753 Barnett filed a pro se motion to quash; the matter was set for March 25, 2015, to allow Attorney Salomon to discuss the pro se motion with Barnett.
• March 25, 2015. Lavalle Salomon was present; Barnett was present; a hearing on Motion to Quash was held; Attorney Salomon represented to the court that after researching the motion and becoming aware of the preliminary examination that was filed by George Britton, he must acknowledge that the law is not in favor of granting the motion; the court took the motion under advisement and stated that its ruling would be filed April 13, 2015.

• April IB, 2015. Ruling was signed granting the motion to quash.

• April 15, 2015. State’s motion and order for stay of proceedings were granted pending resolution on supervisory writ/appeal.
| ¡¿There were three trial judges who have presided over this matter thus far: Judge Wilson Rambo-February 2012 through December 2013; Judge Benjamin Jones-January 2014 through December 2014; and, Judge Larry Jefferson-January 2015 to the present.
A hearing was held on defendant’s motion to quash; at this -hearing, Attorney Salomon related that the motion for preliminary examination filed by Attorney Britton was. never waived or ruled upon and, thus, was still pending. As such, the two-year period for bringing defendant to trial had been suspended. According to defense counsel, the law was not in favor of the court granting his client’s motion.
After taking the matter under advisement, Judge Larry Jefferson granted the motion quashing the indictment. In his reasons for ruling, the trial judge observed that prosecution was instituted on February 9,. 2012, with the filing of the bill of indictment; thus, February 8, 2014, would have been the deadline for commencement of trial. La. C. Cr. P. art. 578(A)(2). He then noted that the time limitations in La. C. Cr. P. art. 578 could be suspended under La. C. Cr. P. art. 580 by the filing of a preliminary plea which includes a motion to continue a scheduled trial or hearing. The trial judge then found that:
The only hearing pending in this case was a Motion to Reduce Bond that was initially filed by appointed counsel on January 25, 2012, and retained counsel on March 2, 2012. The Motion for Preliminary Examination filed prior to the bill of indictment was not granted as signified by the filing of the motion in the record with the order containing a strike through initialed by Judge Wilson Rambo.[3]
|7The trial judge further concluded that because a motion for bond reduction is not a preliminary plea, continuances related to such a motion do not suspend the running of the two-year time limitation of La. C. Cr. P. art. 578. He then calculated that:
The first trial setting was August 26, 2013. At that time 564 days had elapsed leaving 206 days in which to commence -trial. That trial setting was continued by joint motion to October 9, 2013 which suspended the running of the two year time period. Nothing is reflected in the minutes regarding the disposition of the trial setting at the October 9, 2013 court proceedings; therefore, the time commenced to run on the remaining time. It was not until September 8, 2014 that any reference to a trial setting was *754 made and that was for November 10, 2014. The time had run from October 9, 2013 until September 8, 2014 was 330 days thus exceeding the remaining 206 days left in which to commence trial by 124 days.
The trial judge then granted the motion to quash and dismissed the indictment. This appeal ensued.

Discussion

According to the state, the trial court erred in granting defendant’s motion to quash. First, the state argues that the trial judge erred in finding that the two-year period had expired in light of the many motions to continue the proceedings made by defendant and by both parties jointly. The state contends that the trial judge, in calculating the time period for prosecution, incorrectly disregarded these motions to continue, each of which had the effect of suspending the two-year prescriptive period. The state also contends that there was an outstanding motion for preliminary examination, which was a preliminary plea that suspended the two-year period.
| ¡¿Despite his statements to the trial judge at the hearing on the motion to quash, Attorney Salomon filed a brief on defendant’s behalf in support of the trial court’s ruling. Defense counsel now argues that, by the time the motions, including the motion for preliminary examination, made it to the clerk’s office for filing, Attorney Britton had been relieved of his representation and current counsel had enrolled. As such, the motion for preliminary examination filed by Barnett’s former attorney and should not be considered as a preliminary plea. Instead, Attorney Salo-mon argues that a subsequent motion to reduce bond filed by him was the motion that was continually reset and did not operate to suspend the running of the two-year limitation.

Applicable Legal Principles

A motion to quash is the proper procedural vehicle when a defendant alleges that the time limitation for the commencement of trial has expired. La. C. Cr. P. art. 532(7); State v. Rome, 93-1221 (La.01/14/94), 630 So.2d 1284; State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 07-0805 (La.03/28/08), 978 So.2d 297; State v. Harris, 29, 574 (La.App.2d Cir.05/07/97), 694 So.2d 626. When a defendant has brought an apparently meritorious motion to quash based upon prescription, the state bears a heavy burden to demonstrate that the time limitation period has been interrupted or that it has been suspended so that the time limitation has not yet expired. State v. Morris, 99-3235 (La.02/18/00), 755 So.2d 205; State v. Lathan, supra. An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period | ¡¡specified by statute. Once the cause of the interruption disappears, the time limit begins anew. La. C. Cr. P. art. 579(B). Time limits are suspended when a defendant files a motion to quash or other preliminary plea. La. C. Cr. P. art. 580. When the prescriptive period is suspended, the relevant period is not counted, and the running of the time limit resumes when the court rules on the motions. State v. Lathers, 05-0786 (La.App. 1st Cir.02/10/06), 924 So.2d 1038, writ denied, 06-1036 (La.11/03/06), 940 So.2d 659.
Appellate courts apply an abuse of discretion standard in reviewing a district court’s ruling on a motion to quash. State v. Love, 00-3347 (La.05/23/03), 847 So.2d 1198; State v. Stanley, 49,683 (La.App.2d Cir.01/14/15), 161 So.3d 1034.
After the trial court rules on the motion, the state has either the remainder of the *755 time limitations or a minimum period of one year from the date of ruling in which to commence trial, whichever time is longer. La. C. Cr. P. Art. 580; State v. Jackson, 40,376 (La.App.2d Cir.12/14/05), 916 So.2d 1274, writ denied, 06-0442 (La.09/22/06), 937 So.2d 376.
La. C. Cr. P. arts. 578 and 580 govern the running of time within which a defendant must be brought to trial. La. C. Cr. P. art. 578(A)(2) provides that the trial of non-capital felonies must be held within two years from the date of the institution of prosecution, State v. Allen, 03-2815 (La.04/23/04), 871 So.2d 1097; State v. Lathan, supra, which means the finding of an indictment or the filing of a bill of information or affidavit, which is designed to serve as the basis of a trial. La. C. Cr. P. art. 934(7); State v. Cotton, 01-1781 (La.App. 1st Cir.05/10/02), 818 So.2d 968, writ denied, 02-1476 (La.12/13/02), 831 So.2d 982.
The purpose of La. C. Cr. P. art. 578 is to enforce a defendant’s right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Rome, 93-1221 (La.01/14/94), 630 So.2d 1284; State v. McDonald, 30,854 (La.App.2d Cir.08/19/98), 718 So.2d 542. When a defendant files a preliminary plea, however, the two-year time period established by La. C. Cr. P. art. 578 is suspended. La. C. Cr. P. art. 580; State v. Lathan, supra; State v. Harris, supra.
For purposes of article 580, a preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial, which includes motions to quash, motions to suppress, applications for discovery, bills of particulars and motions for continuances. State v. Allen, supra, State v. Brooks, 02-0792 (La.02/14/03), 838 So.2d 778; State v. Lathan, supra. A motion to reduce bond is not a preliminary plea that operates to suspend the two-year time limitation where the motion does not concern evidentiary matters bearing on the offense and is unlikely to have caused any delay in the matter proceeding to trial. State v. Bryant, 11-1363 (La.App. 1st Cir.02/10/12), 2012 WL 602426. See also State v. Duncan, 33,971 (La.App.2d Cir.11/03/00), 771 So.2d 254, abrogated on other grounds by State v. Oliver, 34,292 (La.App.2d Cir.05/09/01), 786 So.2d 317.
InA suspension lasts from the date a qualifying motion is filed until the date the trial court rales on the motion and that relevant time period is not counted towards the two-year time limitation. State v. Lathan, supra; State v. Harris, supra. After the trial court rales on the motion, the state has either the remainder of the time limitation or a minimum period of one year from the date of ruling in which to commence trial, whichever time is longer. La. C. Cr. P. art. 580; State v. Lathan, supra; State v. Jackson, 40,376 (La.App.2d Cir.12/14/05), 916 So.2d 1274, writ denied, 06-0442 (La.09/22/06), 937 So.2d 376.
In State v. Oliver, 786 So.2d at 322, this court found:
Obviously a motion filed before formal institution of prosecution cannot suspend the prescriptive period for bringing a defendant to trial because the prescriptive period has not begun to run. Additionally, such motions are subject to dismissal by either party. On the other hand, if the motions have not been dismissed when prosecution is instituted by the filing of a bill of information or by indictment, then the defect of prematurity is cured and the motions become preliminary pleas. When prescription is suspended, the relevant period is not counted toward the two-year time limitation. The suspension lasts until the court rules thereon. State v. Cranmer, *756 306 So.2d 698 (La.1975); State v. Pratt, supra [32,302 (La.App.2d Cir.9/22/99), 748 So.2d 25],

Analysis

In this case, defendant is charged with a violation of La. R.S. 14:30.1, a non-capital felony. Under La. C. Cr. P. art. 578(2), defendant’s trial was required to begin within two years from the date that prosecution was initiated. An indictment charging defendant with second degree murder was filed on February 9, 2012. Thus, the state had until February 9, 2014, to commence defendant’s trial. As of March 23, 2015, when defendant filed his pro se motion to quash, trial had not commenced. On its face, | ^defendant’s motion to quash had merit, and the state had the burden of showing that an interruption or suspension of the time limit tolled the running of the two-year period.
From our review of the record, particularly the transcripts from each court appearance, it is clear that several events occurred to suspend the running of the two-year time limitation. Defense counsel has argued that because the motion for a preliminary examination was filed by defendant’s former attorney it has no effect on the running of the prescriptive period. This contention has no merit. While this motion was filed by previous counsel, it was not withdrawn by Attorney Salomon but was in fact addressed by him at several- court appearances. This motion thus remained viable and had the effect of suspending prescription from its filing on February 13, 2012, until it was dispensed with by the trial court upon request of defense counsel on July 11, 2012. The motion for preliminary examination was outstanding for 149 days, during which time the two-year period set forth in La. C. Cr. P. art. 578(A)(2) was suspended. The time period of two years or 730 days, of which four days had elapsed when the motion for PE was filed, thus leaving 726 days-remaining, began to run anew on July 11, 2012.
Thereafter, on May 22, 2013, the parties first set a date for trial of the matter for August 26, 2013. The number of days that lapsed between July 11, 2012, and August 26, 2013, is 412. On this initial trial date setting, the trial was continued by joint motion to October 9, 2013. This joint motion served to suspend the article 578(A)(2) time period of limitation, which had | ^approximately 314 days remaining. Trial was likewise continued on each subsequent date; by joint motion on October 9, 2013, April 23, 2014, ' June 25, 2014, September 3, 2014, November 10, 2014, and January 26, 2015 (scheduled for May 11, 2015); and by defense motion on December 18, 2013, and December 8, 2014. On the following dates, the transcript is not clear as to whether the continuances were by joint motion or by one party, although what is apparent is that on each date both the state and defense concurred in the resetting of trial and other pending matters (if any): February 25, 2014, May 21, 2014, and August 6, 2014. All of these joint and defense motions to continuq/reset trial' likewise suspended the running of the period of limitations. The trial court erred in concluding otherwise and in dismissing the indictment. Prescription will start again once the reversal of the trial court’s ruling becomes final. See State v. Brocato, 99-1620 (La.App. 4th Cir.09/15/99), 744 So.2d 178, writ denied, 99-2943 (La.12/17/99), 751 So.2d 883.

Conclusion

For the reasons set forth above, the running of the two-year time limitation of La. C. Cr. P. art: 578 was suspended by the defense motion for preliminary examination and thereafter by numerous contin *757 uances of the trial date. The trial judge abused his discretion in finding otherwise and in granting the motion to quash, which we hereby vacate. The motion to quash the indictment filed by defendant, Michael Lorenzo Barnett, Jr., is denied, and this matter is remanded for further proceedings consistent with this opinion.

. This matter originally came before this court on supervisory review. Because the ruling is a final appealable judgment under La. C. Cr. P. art. 912, this court remanded the matter for perfection as an appeal.

. Also appearing at this hearing on behalf of defendant was Attorney George Britton, who was representing Barnett on a pending burglary charge. At the September 8th hearing, the prosecutor told Attorney Britton, “George, [Barnett’s] charged with second degree murder, [the burglary charge] is on the back burner.” The transcripts are not clear, but apparently the burglary charge had matters pending on the hearing docket and the second degree murder charge had matters pending on both the hearing docket (the record is not clear as to whether defendant's bond reduction motion was ever considered) and the trial docket.

. The record shows, however, that the motion for preliminary examination was served before the indictment, but not actually filed until after defendant was indicted.