BROWN, C.J.
Defendant, Robert Richter, pursuant to a plea bargain agreement, entered a Crosby plea to contributing to the delinquency of a juvenile, a violation of La. R.S. 14:92(A)(7). As agreed, he was sentenced to serve two years' imprisonment at hard labor, suspended, five years' supervised probation, and a fine of $1,000 or serve six months' default time in the parish jail. The trial court applied time served (August 2011 to February 2012) to the default time. Defendant appeals, arguing that the state did not timely bring him to trial. For the following reasons, defendant's conviction and sentence are affirmed.
FACTS
On July 13, 2011, defendant, Robert Richter, was charged by indictment with aggravated incest, a violation of La. R.S. 14:78.1.[1] On November 19, 2013, defendant filed a motion to quash the indictment, arguing that the state failed to commence trial within the delays established by La. C. Cr. P. art. 578(2). The state opposed the motion, asserting that the time limit was suspended when the defense either moved to continue the trial of this matter or joined the state in continuing the trial.
The motion to quash came before the trial court for hearing on July 8, 2014. The parties agreed to stipulate as to what defense attorney H. Paul Garner's testimony would be, but the state did not agree to stipulate to the veracity of the testimony. Defendant argued that he did not file any motions that would have suspended the running of the time delay, and attorney Garner specifically did not seek a continuance of the trial. According to defendant, on three occasions, the defense was prepared for trial but the state was unprepared. The state denied defendant's assertions that it was unprepared for trial on multiple occasions, urging that Attorney Garner was unavailable for trial on at least one occasion, March 11, 2013, and defendant was not present on May 8, 2013. Defendant's motion to quash was denied.
On May 5, 2015, the trial court accepted defendant's guilty plea to the responsive verdict of contributing to the delinquency of a juvenile, in violation of La. R.S. 14:92(A)(7), with an agreed-upon sentence. Defendant's guilty plea was made pursuant to State v. Crosby , 338 So.2d 584 (La. 1976), which reserved his right to appeal the trial court's denial of his motion to quash the indictment. On November 3, 2015, defendant filed a motion to appeal. However, the record reflected that defendant was never sentenced subsequent to the trial court's acceptance of his guilty plea. As such, the matter was remanded to the trial court for sentencing.
*1195 On April 18, 2016, defendant was sentenced in accordance with the agreement to serve two years' imprisonment at hard labor, suspended, five years' supervised probation, and pay a fine of $1,000 or, in default thereof, serve six months in the parish jail. The trial court indicated that defendant's time served, August 6, 2011, through February 10, 2012, would be applied to the default time. This appeal ensued.
DISCUSSION
In his sole assignment of error, defendant argues that the state did not timely bring him to trial within the applicable legal delays.
Louisiana Code of Criminal Procedure article 578(2) provides that, in non-capital felony cases, the state must commence trial within two years from the date of institution of prosecution. According to La. C.Cr. P. art. 934(7), "institution of prosecution" means the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial. The purpose of La. C. Cr. P. art. 578 is to enforce a defendant's right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. Barnett , 50,213 (La. App. 2 Cir. 08/12/15), 174 So.3d 748. The issue that a prosecution was not timely instituted may be raised at any time, but only once, and shall be tried by the court alone. La. C. Cr. P. art. 577.
A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La. C. Cr. P. art. 532(7). A trial court's decision on a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion. State v. Burrell , 50,461 (La. App. 2 Cir. 03/02/16), 189 So.3d 481 ; State v. Barnett , supra . When a defendant has brought an apparently meritorious motion to quash based upon prescription, the state bears a heavy burden to demonstrate that the time limitation period has been interrupted or that it has been suspended so that the time limitation has not yet expired. La. C. Cr. P. art. 577 ; State v. Burrell , supra ; State v. Barnett , supra .
Time limits are suspended when a defendant files a motion to quash or other preliminary plea. La. C. Cr. P. art. 580(A). For purposes of article 580(A), a preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial, which includes motions to quash, motions to suppress, applications for discovery, bills of particulars, and motions for continuances. State v. Barnett , supra . A pending motion for preliminary examination suspends the time period for bringing to trial. State v. Barnett , supra ; State v. Woodard, 35,202 (La. App. 2 Cir. 10/31/01), 799 So.2d 701. Joint motions to continue suspend the period of limitation. State v. Barnett , supra .
When the prescriptive period is suspended, the relevant period is not counted, and the running of the time limit resumes when the court rules on the motions. Id. A suspension lasts from the date a qualifying motion is filed until the date the trial court rules on the motion. After the trial court rules on the motion, the state has either the remainder of the time limitation or a minimum period of one year from the date of ruling in which to commence trial, whichever time is longer. La. C. Cr. P. art. 580(A) ; State v. Barnett , supra.
In this case, defendant was charged with aggravated incest, a violation of La. R.S. 14:78.7, a non-capital felony. Under La. C. Cr. P. art. 578(2), defendant's trial was required to begin within two years from the date the prosecution was initiated. An indictment charging defendant with aggravated incest was returned on July 13, 2011. Thus, the state had until July 13, 2013, to *1196 commence defendant's trial. As of November 19, 2013, when defendant filed his motion to quash, trial had not commenced. On its face, defendant's motion to quash had merit, and the state had the burden of showing an interruption or suspension of the two-year time limitation.
Although the arguments of both Richter and the state focus on the numerous motions to continue the trial, a review of the record shows that Richter's attorney, on October 4, 2011, filed an application for preliminary examination, a motion for a bill of particulars and for discovery. The trial court ordered that a preliminary examination be held on November 8, 2011, but the record does not reflect that any hearing was conducted on that date. A review of the record reveals that neither defendant, nor his attorney ever requested that the preliminary examination be reset or withdrawn. As such, the prescriptive period was suspended beginning on October 4, 2011, and did not end because the record does not reflect that either Richter or his defense counsel ever indicated that they were no longer pursuing, and the record does not reflect that the court ever ruled, on the motion for preliminary examination. Therefore, the trial court properly denied defendant's motion to quash. This assignment is without merit.[2]
CONCLUSION
For the reasons set forth above, the defendant's conviction and sentence are affirmed.
AFFIRMED .

Repealed by Acts 2014, No. 177, § 2; Acts 2014, No. 602, § 7, eff. June 12, 2014.

Error Patent
In addition to Richter's two-year suspended sentence and five years' supervised probation, the trial court imposed a fine of $1,000 or in default thereof, six months in the parish jail. We note this was an agreed to sentence and not appealable. Further, the trial court resolved any matter of indigency by giving credit for time served.