Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 53,059-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

STEVEN RAY KILLINGSWORTH              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 341,125

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT           Counsel for Appellant
By: Carey J. Ellis, III

STEVEN RAY KILLINGSWORTH              Pro Se

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

SUZANNE M. WILLIAMS
RON C. STAMPS
PAMELA R. MOSER
Assistant District Attorneys

* * * * *

Before WILLIAMS, MOORE, and STONE, JJ.

**MOORE, J.**

The defendant, Steven Killingsworth, was convicted of attempted second degree murder and sentenced to 50 years at hard labor, without benefit of probation, parole, or suspension of sentence. On appeal, appellate counsel has filed a motion to withdraw, along with a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), alleging that there are no nonfrivolous issues on which to base the appeal. This court held the motion to withdraw in abeyance and allowed the defendant 30 days in which to file a pro se brief. Killingsworth filed a pro se brief, assigning one error.

After review, we affirm Killingsworth's conviction and sentence and grant appellate counsel's motion to withdraw.

### FACTS

Steven Killingsworth, of Dallas, Texas, and Mariam Tamica Harley, of Shreveport, were in a long-distance relationship. Ms. Harley ended the relationship in December 2015. On Sunday, May 22, 2016, Killingsworth appeared at Ms. Harley's home at 9:00 a.m. without invitation. Seeking reconciliation, he refused to leave when Ms. Harley requested that he do so. Eventually, Ms. Harley was able to get away in her car with her children. When she returned, she saw Killingsworth approaching again. She tried to drive away, but in her panic, she crashed the vehicle. Killingsworth approached her with a shotgun that he purchased in Marshall, Texas. As Ms. Harley tried to run away, Killingsworth shot her five times at close range causing extensive injuries, including a collapsed lung, deep open wounds, an arm almost completely severed at the shoulder and massive vascular and tissue damage. Fortunately, she survived the attack, but

had to undergo numerous surgeries, lost her arm, and will be maimed for life.

Neighbors who witnessed the attack came to Ms. Harley's aid. With some forceful persuasion from the outraged neighbors, Killingsworth remained at the crime scene on all fours on the ground bleeding and murmuring when police arrived. He was arrested and taken to the hospital.

On June 28, 2016, Killingsworth was charged by bill of information with the attempted second degree murder of Ms. Harley, in violation of La. R.S. 14:30.1 and 14:27. The three-day trial began on September 24, 2018. Killingsworth represented himself, with Michelle Andrepont serving as standby counsel. The jury found him guilty as charged.

Killingsworth filed a motion for new trial and a motion for post-verdict judgment of acquittal which were both denied October 3, 2018.

The trial court sentenced Killingsworth to the maximum of 50 years at hard labor, without benefit of probation, parole, or suspension of sentence. He was given credit for time served and advised of the time delays to seek post-conviction relief.

Killingsworth's motion to reconsider sentence was denied. This appeal followed.

Because Killingsworth has filed a pro se brief alleging that the trial court erred when it denied his motion to quash the indictment because the state failed to timely bring his case to trial, these additional pretrial procedural facts are relevant.

Killingsworth was charged by bill of information filed on June 28, 2016. Trial was originally set for February 12, 2018. However, on that date, Killingsworth's attorney, Ms. Andrepont, filed a written motion to continue

2

the trial, on grounds that she had been unable to prepare for trial because she had a death in the family and she was sick with the flu. The court granted the motion despite the state's opposition. The parties tentatively agreed to reset the trial for March 19, 2018; however, the matter was not reset because of the following occurrences at that hearing.

After the parties agreed to the reset trial date, Killingsworth spoke directly to the court and moved to terminate his court-appointed attorney, Ms. Andrepont, because she refused to adopt his pro se motion to recuse Judge Mosely. Killingsworth then asked the court to recognize that he had filed a motion to recuse Judge Mosely with the clerk of court. Judge Mosely questioned the somewhat recalcitrant Killingsworth regarding his education. He explained to Killingsworth that the questions were necessary in light of the fact that he wanted to represent himself against the serious charges against him. Killingsworth replied that he had a bachelor's degree in finance and had worked for the State of Texas for 25 years. Judge Mosely granted Killingsworth's request for self-representation.

Judge Mosely then ruled on the motion to recuse stating: "In addition, since you asked me to recuse myself, based upon our conversation today and the hostility that you are displaying towards me, in order to avoid the appearance of impropriety, I will recuse myself from this matter."

Judge Mosely stated he was transferring the case to Section 3, Judge Brady O'Callaghan, presiding, and signed an order recusing himself that day, February 12, 2018; however, three days later, he signed an order setting aside the recusal as premature and reassigned the case to his own court. That same day, Judge O'Callaghan signed an order recusing himself from the case.

On February 20, 2018, Killingsworth filed a handwritten pro se motion to recuse Judge Mosely. This asserted that Judge Mosely must recuse himself for "perverting the laws of the land to arbitrarily, capriciously, and unreasonably discriminate against the defendant because of race, sex, culture, and social economic standing." Standby counsel was not appointed at that time, but the Caddo Parish Public Defender's Office was later appointed as standby counsel on April 4, 2018.

On March 28, 2018, Judge Mosely issued a written opinion denying the written motion to recuse on grounds that the mover failed to state justifiable reasons why recusal was necessary and in the interest of justice.

Killingsworth then filed a writ of mandamus with the La. Supreme Court. This insisted that Judge Mosely remain recused and requested court to order the district court clerk to "properly re-allot" his case among the three remaining criminal court judges. He further requested that former defense counsel's motion for continuance and ruling granting the motion be stricken from the record since counsel was then terminated, and he (Killingsworth) did not want the continuance.

On August 3, 2018, the Supreme Court declined to consider Killingsworth's writ because he did not demonstrate that he sought review in the courts below before filing in that court and because he did not show the "extraordinary circumstance" that would justify bypassing that level of review.

Shortly before that ruling, on July 23, 2018, Killingsworth filed a motion to quash the bill of information on grounds that the two-year time limit to commence trial for a noncapital felony offense had expired. La. C. Cr. P. art. 578. Killingsworth submitted his argument on the written motion.

4

The state responded by noting that the several motions that had been filed in the matter suspended the running of the time limit to commence trial, as provided in La. C. Cr. P. art. 580, and hence, the motion should be denied.

The trial court denied Killingsworth's motion to quash, concluding that the record showed various motions had suspended the running of the two-year time limit.

## DISCUSSION

As noted, appellate counsel filed an *Anders* brief and a motion to withdraw, alleging that he could find no nonfrivolous issues to raise on appeal. *See Anders v. California*, *supra*; *State v. Jyles*, 96 2669 (La. 12/12/97), 704 So. 2d 241, 242; *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So. 2d 1176; and *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990).

After review of the record for any errors discoverable by inspection of the pleadings and proceedings pursuant to La. C. Cr. P. art. 920(2), we find no errors patent.

However, because Killingsworth represented himself at trial, we also reviewed the record for sufficiency of evidence.

The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). A reviewing court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia, supra; State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004);

*State v. Crossley*, 48,149 (La. App. 2 Cir. 6/26/13), 117 So. 3d 585*, writ denied*, 13-1798 (La. 2/14/14), 132 So. 3d 410.

To sustain a conviction for attempted second degree murder, the state must prove that the defendant (1) intended to kill the victim and (2) committed an overt act tending toward the accomplishment of the victim's death. La. R.S. 14:30.1, 14:27 A; *State v. Bishop*, 01-2548 (La. 1/14/03), 835 So. 2d 434; *State v. Harris*, 52,541 (La. App. 2 Cir. 2/27/19), 266 So. 3d 953, *writ denied*, 19-00611 (La. 9/17/19), __ So. 3d __. The penalty for a conviction of attempted second degree murder is imprisonment at hard labor for not less than 10 nor more than 50 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:30.1; La. R.S. 14:27 D(1)(a).

After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of attempted second degree murder were proven beyond a reasonable doubt. *Jackson v. Virginia, supra*. Therefore, the evidence was sufficient to support the conviction. Furthermore, Killingsworth was sentenced to the maximum of 50 years at hard labor, without benefits, which was within the applicable sentencing range. Considering the facts and circumstances of this offense, where Killingsworth shot the victim multiple times in the chest and shoulder with a shotgun at close range, and the victim suffered lifetime injuries, including the loss of her arm, the sentence imposed is not constitutionally excessive.

## MOTION TO QUASH

As noted, counsel's motion to withdraw was held in abeyance and Killingsworth was granted additional time to file a pro se brief. The state declined to file a brief.

Killingsworth's sole assignment of error is that the trial court erred in denying his motion to quash the bill of information on grounds that the state failed to timely commence trial within two years from the date the bill was filed as required by La. C. Cr. P. art. 578. He argues that because the bill was filed on June 28, 2016, the state's failure to commence trial by June 28, 2018, means that the two-year time limit expired and the charge of attempted second degree murder must be dismissed pursuant to La. C. Cr. P. art. 581.

Killingsworth disputes that there were any pleadings in the record that were sufficient to suspend the tolling of the two-year prescriptive period under La. C. Cr. P. art. 580.

Even though his attorney filed a motion for continuance February 12, 2018, Killingsworth maintains that the motion did not serve to suspend the prescriptive time period for two reasons: first, the motion was procedurally invalid because it was filed on the day of trial, and not seven days prior to trial, as required by La. C. Cr. P. art. 707; second, the motion for continuance was moot because moments after counsel requested and received the continuance, Killingsworth terminated her representation. Accordingly, he contends, the grounds for granting the continuance (his attorney's illness and death in her family) were no longer applicable to his case.

Additionally, Killingsworth cites *State v. Harris*, 29,574 (La. App. 2 Cir. 5/7/97), 694 So. 2d 626, 629, for the proposition that when a motion for

7

continuance is granted the same day that it is filed, the prescriptive period of Art. 578 was not suspended. In *Harris, supra*, this court noted the well-settled rule that the two-year prescriptive period is suspended when the motion for continuance is filed and the suspension lasts until the court rules on the motion, so there is no suspension when the motion is filed and granted on the same day. However, the *Harris* court noted that the state still has a minimum of one year from the date of the ruling on the motion to commence trial. *Id.*

Killingsworth further asserts that the February 20, 2018, written motion to recuse Judge Mosely did not suspend the prescriptive time period to commence trial. He argues that motions to recuse do not constitute types of "preliminary pleas" that would be sufficient to suspend the tolling of the prescriptive period under La. C. Cr. P. art. 580.

For the following reasons, we find no error in the trial court's ruling.

Except as otherwise provided, no trial shall be commenced in noncapital felony cases after two years from the date of institution of the prosecution. La. C. Cr. P. art. 578 A(2). "Institution of prosecution" means the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial. La. C. Cr. P. art. 934(7). Once the issue is raised, the state bears the burden to prove that the prosecution was timely instituted. La. C. Cr. P. art. 577. A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La. C. Cr. P. art. 532(7). A trial court's decision on a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion. *State v. Richter*, 51,259 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1193, 1195.

When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Art. 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial. La. C. Cr. P. art. 580 A. A preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial, including properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. *State v. Brooks*, 02-0792 (La. 2/14/03), 838 So. 2d 778, 782; *State v. Richter, supra.*

A preliminary plea includes motions to recuse. *State v. Otkins-Victor*, 15-340 (La. App. 5 Cir. 5/26/16), 193 So. 3d 479, 530, *writ denied*, 16-1495 (La. 10/15/18), 253 So. 3d 1294; *State v. Vincent*, 02-1452 (La. App. 3 Cir. 4/2/03), 843 So. 2d 1174; *State v. McDonald*, 02-909 (La. App. 3 Cir. 2/5/03), 838 So. 2d 128, 135, *writ denied*, 03-0807 (La. 10/17/03), 855 So. 2d 758. *See also, State v. Fish*, 05-1929 (La. 4/17/06), 926 So. 2d 493 (judge's recusal on his own motion pushed back the date within which to commence trial).

A suspension lasts from the date a qualifying motion is filed until the date the trial court rules on the motion, at which time the running of the time limit resumes. *State v. Richter, supra*; *State v. Otkins-Victor, supra*. The period of suspension is not counted toward the prescriptive period. *Id*. After the trial court rules on the motion, the state has either the remainder of the time limitation or a minimum period of one year from the date of ruling in which to commence trial, whichever time is longer. *Id*.

Killingsworth's claim that the trial court erred in denying his motion to quash is without merit. Killingsworth was charged with attempted second

degree murder, which is a noncapital felony offense. Thus, under Art. 578(2), his trial was required to begin within two years from the date the prosecution was initiated on June 28, 2016, when the bill of information was filed. When Killingsworth filed his motion to quash on July 23, 2018, trial had not yet commenced. On its face, the defendant's motion to quash had merit, and the state had the burden of showing an interruption or suspension of the two-year time limitation.

While Killingsworth is correct that the "suspension" of the prescriptive period began and ended when the motion for continuance was ruled upon the same day it was filed, under Art. 580 A, the state had no less than one year from that date, February 12, 2018, to commence trial. Trial commenced September 24, 2018; therefore, the prescriptive period had not yet expired.

Additionally, we are not persuaded by the argument that since the defendant sought and obtained termination of his counsel immediately after the motion for continuance was filed and granted, the ruling on that motion had no legal effect and did not suspend the prescriptive period.

Next, Killingsworth asserts that his motion to recuse Judge Mosely did not constitute a "preliminary plea" that would operate to suspend the running of the prescriptive period. As the cases above note, this assertion is not supported by the jurisprudence. A motion to recuse is indeed a preliminary plea and does serve to interrupt the running of the prescriptive period. Therefore, the motion to recuse filed February 20, 2018, suspended the prescriptive period until it was denied, on March 28, 2018.

Accordingly, the state had no less than one year from the date of that ruling, or until March 28, 2019, to commence trial. As previously noted,

10

Killingsworth's trial commenced on September 24, 2018, so the prescriptive period had not yet expired.

## CONCLUSION

We have reviewed the entire record pursuant to La. C. Cr. P. art. 920(2) and found no errors from inspection of the pleadings and proceedings. We further reviewed the record for sufficiency of evidence pursuant to *Jackson v. Virginia*, *supra*, and found that the evidence is sufficient to support the conviction under that standard.

For these reasons, we affirm Killingsworth's conviction and sentence and grant appellate counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED; MOTION GRANTED.**