Judgment rendered July 16, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,351-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CHARLES WILLIAMS                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 371,573

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Sherry Watters

JAMES E. STEWART, SR.                   Counsel for Appellee
District Attorney

CHEYENNE WILSON
TOMMY J. JOHNSON
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and THOMPSON, JJ.

**THOMPSON, J.**

Charles Williams was arrested for several crimes stemming from two separate incidents. Williams was represented intermittently by retained counsel or a public defender appointed to represent him. While his cases were pending, and despite being represented by counsel, Williams filed numerous pro se motions. Williams' counsel negotiated an agreement on all pending charges with the state, which included dismissal of many charges. As a result, Williams pled guilty to one count of domestic abuse battery with strangulation for an agreed sentence of three years at hard labor, and he pled guilty to aggravated second degree battery for an agreed sentence of seven years at hard labor. The sentences were ordered to be served concurrently. Williams now appeals his guilty plea to the domestic abuse battery with strangulation charge, arguing that the trial court failed to timely rule on his pro se motions prior to his guilty plea, and that his counsel was ineffective. For the following reasons, we affirm his guilty plea and sentence, and remand with instructions regarding the imposition of a mandatory fine.

## FACTS AND PROCEDURAL HISTORY

On September 19, 2019, the Shreveport Police Department responded to a call regarding an assault and battery of the victim, Labreshia Ross, ("Ross Incident") who stated to police that her ex-boyfriend, Charles Williams, came to her residence unannounced, and upon seeing a male friend inside, entered her house without permission, placed both of his hands around her neck and applied pressure. When Williams released her, Ross called the police from her cell phone but she dropped her cell phone and Williams attempted to pull her outside of her home. Williams eventually left

the residence.  During this incident, all three of Ross's children were present in the home.

An arrest warrant[1] was subsequently issued and Williams was arrested[2] for domestic abuse charges related to the Ross Incident.  Williams was represented at his first court appearance[3] by the public defender.  When Williams was arrested and booked into jail on his domestic abuse charge, he was also booked on a charge of aggravated second degree battery ("Separate Battery Charge") arising from a prior incident.[4]  An arrest warrant[5] had been previously issued in that matter, and the Separate Battery Charge arose from an entirely separate incident from the Ross Incident.  Williams was booked into jail at the same time pursuant to the two existing arrest warrants.

A bill of information[6] was timely filed containing one count of aggravated second degree battery in the Separate Battery Charge, Case No. 371,574, now also on appeal to this Court in No. 56,352-KA.  Williams remained incarcerated pursuant to that Separate Battery Charge.

A separate bill of information[7] was subsequently filed in Case No. 371,573, containing four counts in relation to the Ross Incident.  The bill of information provided that on the date of the Ross Incident,[8] Williams committed three counts of domestic abuse in the presence of three children under the age of 13, in violation of La. R.S. 14:35.3(I).  A fourth count alleged that Williams committed domestic abuse by strangulation, in

---

[1] October 17, 2019
[2] November 2, 2019
[3] November 4, 2019
[4] June 9, 2019
[5] October 1, 2019
[6] January 2, 2020
[7] January 27, 2020
[8] September 19, 2019

2

violation of La. R.S. 14:35.3(L). The bill of information in this matter was filed beyond the 60-day time limit required for jailed defendants, but within the 150-day time limit required for a defendant not in custody. Williams was incarcerated at the time. The record contains an order for electronic monitoring for Williams' domestic abuse battery charges from the Ross Incident contained in this appeal.

On January 27, 2020, the date the bill of information was filed in this matter, Williams' arraignment was held on all of his pending charges arising from the Ross Incident and the Separate Battery Charge. He entered pleas of not guilty to all charges.

On August 24, 2020, private counsel enrolled and represented Williams in both of his pending cases for 11 months. Willliams' private counsel ultimately withdrew. During the period Williams was represented by retained counsel, he also filed a pro se motion to suppress evidence. Subsequently private counsel withdrew,[9] and an attorney from the indigent defender board was appointed to represent Williams.

Williams proceeded to file numerous pro se pleadings between November 2, 2021, and October 25, 2022, including a writ of habeas corpus, two motions to quash the bill of information, two motions for speedy trial, and a bill of particulars. Williams' motions to quash, filed on November 12 and 19, 2021, respectively, asserted that the bill of information had not been filed in a timely manner. Williams' motion for a bill of particulars was then filed on January 6, 2022. The State filed responses to discovery. The discovery responses included a "Violence Report" prepared by the

---

[9] September 9, 2021

3

Shreveport Police Department, including numerous arrests and several prior guilty pleas including multiple misdemeanor domestic abuse battery charges, two simple battery charges, aggravated assault, disturbing the peace, and discharge of a firearm.

Williams' pro se writ of habeas corpus filed on January 17, 2023, was denied by the trial court on April 8, 2023. Williams' pro se application for a writ to this Court was not considered due to noncompliance with the Uniform Rules.

On July 20, 2023, Williams withdrew his plea of not guilty and pled guilty to the fourth count, relative to domestic abuse by strangulation. As part of the apparent plea agreement, the other three domestic abuse charges arising from the Ross Incident were dismissed. A simultaneous plea was also entered in Williams' pending Separate Battery Charge case. The trial court imposed the agreed sentence for the Ross Incident of three years at hard labor, to be served concurrently with a sentence of seven years at hard labor in the Separate Battery Charge. Because this was an agreed sentence, there was no objection and no motion to reconsider the sentence was raised. Williams was advised that the plea waived his right to appeal, and that he had the right to pursue post-conviction relief in both matters.

The trial court granted two of Williams' requests for documents[10] and Williams also filed an application for post-conviction relief[11] alleging that the bill of information did not charge a punishable offense because Ross was not a household member and asserted ineffective assistance of counsel in the

_____

[10] December 7, 2023, and July 9, 2024
[11] June 11, 2024

4

Ross Incident.  The State filed a written response and the trial court[12] denied Williams' post-conviction relief application.  The trial court's opinion provided Williams' allegation regarding the deficient bill of information was a challenge of the factual basis of the State's case, and it concluded that Williams admitted the factual basis contained in the bill of information was true when he made his guilty plea.  Additionally, the trial court found that Williams' general statements and conclusory allegations did not suffice to show ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1982).  The trial court found that Williams failed to show deficient performance by counsel and failed to show that but for counsel's alleged deficiencies, he would not have pled guilty and would have insisted on going to trial.

Williams did not seek supervisory review of the denial of his application for post-conviction relief.  Williams then filed a pro se motion for out-of-time appeal[13] which was granted.[14]  The pro se motion for appeal states the grounds as "his two (2) motions for habeas corpus and one (1) for mandamus, dating to 2021 and 2022, have not been addressed by the 1st Judicial District Court."

Williams was appointed appellate counsel from the Louisiana Appellate Project, who filed an appellate brief, identifying it as a "hybrid" *Anders* brief.  Appellate counsel explained that after a thorough review of the entire record, no nonfrivolous issues remained for appeal.  *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *State v.*

---

[12] July 17, 2024
[13] September 27, 2024
[14] October 1, 2024

5

*Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241; *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So. 2d 1176; *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990).  Appellate counsel's brief outlines the procedural history of the case, provides a statement of the facts, and contains a detailed and reviewable assessment for both Williams and this Court regarding whether the appeal is worth pursuing.  Counsel explained that she did not argue, but merely outlined the issues, and states that Williams should be allowed to obtain a copy of the record and file his own brief with the Court.  No pro se brief was filed.

## DISCUSSION

Williams' appellate counsel provides two assignments of error [verbatim]:

**Assignment of Error No. 1: The district court erred in denying the application for post-conviction relief based on ineffective assistance of counsel.**

### *Ineffective Assistance of Counsel*

Williams argues that he was incarcerated past the maximum sentence on his domestic abuse battery with strangulation case, the Ross Incident. Williams continues that his attorney's failure to file any action to secure his release violated the duty of care.  The bill of information was filed on January 27, 2020.  La. C. Cr. P. art. 578 required the trial be held within two years of the institution of his prosecution to prevent prejudicial delay. Williams asserts that because of this failure to act by his attorney, he remained in jail an additional 8 months before being persuaded to plead guilty.[15]  Williams argues his plea and conviction should be vacated, as the

_____

[15] Williams was simultaneously incarcerated on the Separate Battery Charge at the same time as the Ross Incident.

case should have been dismissed for untimely prosecution had his trial counsel provided competent assistance.

The Supreme Court set out the two-prong test for a defendant claiming ineffective assistance of counsel in *Strickland v. Washington*, *supra*: that counsel's performance was deficient; and the deficiency prejudiced his defense. *State v. Hilliard*, 52,652 (La. App. 2 Cir. 8/14/19), 278 So. 3d 1065, *writ denied*, 19-01701 (La. 7/24/20), 299 So. 3d 68. Both the Louisiana and federal constitutions guarantee a criminal defendant's right to the effective assistance of counsel. U.S. Const. Amend. VI; La. Const. art. 1, § 13; *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *State v. Brooks*, 94-2438 (La. 10/16/95), 661 So. 2d 1333; *State v. Bayles*, 53,696 (La. App. 2 Cir. 11/17/21), 329 So. 3d 1149. Under the standard for ineffective assistance of counsel set out in *Strickland v. Washington, supra*, adopted by Louisiana's Supreme Court in *State v. Washington*, 491 So. 2d 1337 (La. 1986), a reviewing court must reverse a conviction if the defendant establishes that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Ball*, 19-01674 (La. 11/24/20), 305 So. 3d 90; *State v. Bayles, supra*.

Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because this provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. *State v. McGee*, 18-1052 (La. 2/25/19), 264 So. 3d 445; *State v. Ward*, 53,969, (La. App. 2 Cir. 6/30/21), 324 So. 3d 231. When the record is sufficient, however, allegations of ineffective assistance of trial counsel

7

may be resolved on direct appeal in the interest of judicial economy. *Id.* We find that this record is sufficient to resolve Williams' claims.

*Timely Institution of Prosecution*

Louisiana Code of Criminal Procedure article 578(A)(2) provides that, in non-capital felony cases, the state must commence trial within two years from the date of institution of prosecution. According to La. C. Cr. P. art. 934(7), "institution of prosecution" means the finding of an indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial. The purpose of La. C. Cr. P. art. 578 is to enforce a defendant's right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. *State v. Barnett*, 50,213 (La. App. 2 Cir. 8/12/15), 174 So. 3d 748. The issue that a prosecution was not timely instituted may be raised at any time, but only once, and shall be tried by the court alone. La. C. Cr. P. art. 577.

A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La. C. Cr. P. art. 532(7). A trial court's decision on a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion. *State v. Burrell*, 50,461 (La. App. 2 Cir. 03/02/16), 189 So. 3d 481; *State v. Barnett*, *supra*. When a defendant has brought an apparently meritorious motion to quash based upon prescription, the state bears the burden to demonstrate that the time limitation period has been interrupted or that it has been suspended so that the time limitation has not yet expired. La. C. Cr. P. art. 577; *State v. Burrell*, *supra*; *State v. Barnett*, *supra*.

Time limits are suspended when a defendant files a motion to quash or other preliminary plea. La. C. Cr. P. art. 580(A). For purposes of article

8

580(A), a preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial, which includes **motions to quash**, **motions to suppress**, applications for discovery, **bills of particulars**, and motions for continuances. (Emphasis added). *State v. Barnett*, *supra*. When the prescriptive period is suspended, the relevant period is not counted, and the running of the time limit resumes when the court rules on the motions. *Id.* A suspension lasts from the date a qualifying motion is filed until the date the trial court rules on the motion. After the trial court rules on the motion, the state has either the remainder of the time limitation or a minimum period of one year from the date of ruling in which to commence trial, whichever time is longer. La. C. Cr. P. art. 580(A); *State v. Barnett*, *supra*.

In this case, Williams was charged with domestic abuse battery with strangulation, a violation of La. R.S. 14:35.3(L), a non-capital felony. Under La. C. Cr. P. art. 578(A)(2), Williams' trial was required to begin within two years from the date the prosecution was initiated. A bill of information charging Williams with domestic abuse battery was filed on January 27, 2020. Therefore, the State technically had until January 27, 2022, to commence Williams' trial.

However, Williams filed pro se motions to quash his bill of information in November 2021, based on his allegation that it was not timely filed. Notwithstanding the suspension of certain legal deadlines due to the Covid-19 pandemic, the record shows that Williams filed numerous qualifying motions that suspended the two-year period to bring his case to trial.

While it is regrettable that the bill of information in this case appears to have been untimely filed, the record shows Williams was properly in custody due to his other simultaneously pending charges, the Separate Battery Charge. Also, the record indicates that electronic monitoring was ordered in this matter, indicating that he could have been released from custody in the Ross Incident had the charges not been simultaneously pending in the Separate Battery Charge. As Williams' appeal seeks review of pro se pleadings that were filed *prior* to his guilty plea, he is not entitled to appellate review of those pleadings. Accordingly, we find that Williams' arguments regarding his untimely prosecution are without merit.

We further find that Williams' claims of ineffective assistance of counsel lack merit. The trial court denied his application for post-conviction relief asserting ineffective assistance of counsel, and Williams did not seek supervisory review of that decision. On appeal, Williams failed to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Williams knowingly and voluntarily entered into an agreed upon plea agreement that resolved two separate commissions of crimes.

**Assignment of Error No. 2: Although counsel cannot ethically argue the issues Williams wants to raise on appeal, counsel will provide an outline of the issues and the applicable law and requests the Court to review the record for errors patent on the face of the record under Louisiana Constitution of 1974, Article 1, Section 19; *State v. Martin*, 329 So. 2d 688 (La. 1975). In accordance with such a review, the defendant asks the Court to reverse his conviction and sentence.**

Williams' appointed counsel from the Louisiana Appellate Project notes that Williams filed numerous pro se pleadings in this case, and she, in keeping with her professional responsibility, explained to him that she could not ethically argue the issues he hoped to raise in this Court on appeal. As

noted above, Williams is not entitled to appellate review on the pro se motions prior to his guilty plea. Williams responded to his appointed counsel that he would still like the issues addressed in brief, a request to which appellate counsel complied. The issues Williams urges this court to consider are that the State failed to timely institute his prosecution, the State failed to initiate trial timely, and the trial court did not rule on several of Williams' pro se motions.

In *Anders v. California*, *supra*, the United States Supreme Court noted that, "if counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."[16] The Louisiana Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *State v. Jyles*, *supra*.

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So. 2d 1108. If, after an independent review, the reviewing court determines there are no nonfrivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. *Id*. Upon review, we find that the record discloses

---

[16] Appointed counsel did not file a motion to withdraw in conjunction with her "hybrid" *Anders* brief.

11

no non-frivolous issues and no rulings that would arguably support an appeal.

*Guilty Plea*

Under La. C. Cr. P. art. 556.1, a valid guilty plea must be a voluntary choice by the defendant and not the result of force or threats. La. C. Cr. P. art. 556.1 also provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. When the record establishes that an accused was informed of and waived his right to a trial by jury, to confront his accusers, and against self-incrimination, the burden shifts to the accused to prove that despite the record, his guilty plea was involuntary. *State v. Branch*, 54,591 (La. App. 2 Cir. 4/5/23), 361 So. 3d 80). An express and knowing waiver of an accused's rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *State v. Cheveallier*, 56,068 (La. App. 2 Cir. 2/26/25); *State v. Branch*, *supra*.

Here, the record shows that Williams was aware he was pleading guilty to domestic abuse with strangulation arising from the Ross Incident. The record indicates that Williams was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by *Boykin v. Alabama*, *supra*. Williams indicated during the plea colloquy that he understood that he was waiving these rights.

Williams further stated that he had not been forced, coerced, or threatened to enter his guilty pleas. The judge indicated that he was satisfied that there was a factual basis for the acceptance of the pleas and accepted

12

them as knowingly, intelligently, freely, and voluntarily made. In exchange for his plea of guilty, three felony domestic abuse charges were dismissed, and Williams was offered a sentence of three years at hard labor, **to run concurrently** to the sentence imposed in his Separate Battery Charge conviction. Williams agreed that he understood the possible legal consequences of pleading guilty and still wished to plead guilty.

Williams' sentence does not present issues for appeal. The sentence was imposed in conformity with the plea agreement, and La. C. Cr. P. art. 881.2(A)(2) precludes him from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. Because Williams' plea agreement was clearly set forth in the record at the time of his plea, he is statutorily precluded from review. Nonetheless, our independent review of the record reveals that Williams' sentence is within the limits prescribed by the statute in effect on the date the offense was committed and are therefore proper under the circumstances.

### ERROR PATENT

The sentence imposed here is illegally lenient. The trial court did not properly restrict benefits or impose a mandatory fine. La. R.S. 14:35.3(L), the subsection regarding domestic abuse involving strangulation, provides for penalties *in addition* to any other penalties imposed under La. R.S. 14:35.3. Subsection (L) provides for three years at hard labor if the domestic abuse involved strangulation, which is the provision pursuant to which Williams pled guilty. La. R.S. 14:35.3(C) provides that the penalty for a first offender is a fine of $300 to $1000 and imprisonment of 30 days to 6 months, with *at least 48 hours to be served without benefits* of probation, parole, or suspensions of sentence. Therefore, Williams' sentence should

13

have included a mandatory fine, as well as the proper restriction of benefits for the first 48 hours of the sentence that he served. We remand to the trial court for the limited purpose of conducting a hearing pursuant to La. C. Cr. P. art. 875.1 to determine the imposition of the mandatory fine and Williams' financial ability to pay any such fine, and to amend the minutes to reflect the proper restriction of benefits for the first 48 hours of the sentence he served.

## CONCLUSION

For the foregoing reasons, we affirm the guilty plea of Williams and affirm his sentence of three years at hard labor; and remand solely for a hearing pursuant to La. C. Cr. P. art. 875.1, to determine Williams' ability to pay the mandatory fine, to determine the amount of the fine pursuant to La. R.S. 14:35.3, and to amend the minutes to reflect the proper restriction of benefits.

**AFFIRMED. REMANDED, WITH INSTRUCTIONS.**